UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BRAD PATTERSON, on behalf of himself and others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>OPTUMRX, INC.,<br><br>　　　　　　　Defendant. | Civil Case No.: 1:24-cv-689-TWP-KMB |

**PLAINTIFF'S STATEMENT OF HIS CLAIMS FOR TRIAL AGAINST OPTUMRX, INC.**

Brad Patterson ("Plaintiff"), submits the following statement of the claims he intends to prove at trial, and the legal theories on which he bases those claims.

As described in his class action complaint, Doc. 1, Plaintiff will present evidence at trial that OptumRX, Inc. ("OptumRX") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii).

More specifically, Plaintiff will show that OptumRX violated 47 U.S.C. § 227(b)(1)(A)(iii)[1] by placing non-emergency calls, in connection with which it used an artificial

---

[1] The TCPA provides, in relevant part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A)　to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

\*\*\*\*\*

(iii)　to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]"

or prerecorded voice, to Plaintiff's cellular telephone number. To that end, Plaintiff will establish that OptumRX utilized a prerecorded voice message in connection with each of the calls OptumRX placed to Plaintiff's cellular telephone number. While "prior express consent" is an affirmative defense for which OptumRX bears the burden of proof, *Blow v. Bijora, Inc.*, 855 F.3d 793, 803 (7th Cir. 2017), Plaintiff will show that he did not consent to OptumRX's calls. Rather, OptumRX placed its calls in an effort to contact a third party who Plaintiff does not know and with whom Plaintiff has no relationship. In addition, Plaintiff will demonstrate that he was not an OptumRX customer or accountholder.

Plaintiff will also submit evidence that OptumRX's violations of the TCPA were knowing and willful, thus entitling him to treble damages under 47 U.S.C. § 227(b)(3). Plaintiff will show that, among other things, (1) OptumRX placed at least one call to his cellular telephone number, in connection with which it used a prerecorded voice, after Plaintiff informed OptumRX that it was calling the wrong number and instructed OptumRX to stop calling; (2) OptumRX knowingly used a prerecorded voice in connection with all calls it placed, including to telephone numbers assigned to a cellular telephone service; (3) OptumRX did not use the FCC's Reassigned Numbers Database to identify telephone numbers that were disconnected and potentially assigned to someone new at the time of its calls to Plaintiff's cellular telephone number; and (4) the person OptumRX intended to reach—Joseph Byers—had no relationship to the Plaintiff;

Finally, Plaintiff will prove his claims not just on his own behalf, but on behalf of the class and subclass of persons he will ask this Court to certify through Plaintiff's forthcoming motion for class certification.

---

47 U.S.C. § 227(b)(1)(A)(iii).

Date: May 15, 2025

*/s/ James L. Davidson*
James L. Davidson
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com

Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class and subclass*