UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BRAD PATTERSON,<br><br>                Plaintiff,<br><br>v.<br><br>OPTUMRX, INC.,<br><br>                Defendant. | Civil Case No.: 1:24-cv-00689-TWP-KMB |

## DEFENDANT OPTUMRX, INC.'S STATEMENT OF DEFENSES

Pursuant to Rule 11(b) of the Federal Rules of Civil Procedure and the Court's Case Management Plan, Defendant OptumRx, Inc. ("OptumRx"), respectfully submits the following Statement of Defenses it intends to prove at trial, along with the legal theories on which those defenses are based.[1] OptumRx may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class. In the event the Court grants any motion to certify a class or classes, OptumRx requests the Court's permission to submit a supplemental statement of defenses as to members of a class other than Plaintiff.

    A. <u>Second Affirmative Defense – OptumRx Had Prior Express Consent To Place The Calls At Issue.</u>

Plaintiff cannot show that OptumRx is liable under the Telephone Consumer Protection Act ("TCPA"). Under the TCPA, OptumRx can place a call when it has the consent of the "called party." 47 U.S.C. § 227(b)(1)(A). OptumRx will present evidence demonstrating that it had the

---

[1] OptumRx may raise other defenses, i.e., defenses that attack the truth of Plaintiff's claims or the failure to prove the necessary elements of his claims, that need not be addressed in this statement because Plaintiff bears the burden of proof as to those matters. This Statement does not waive any available defenses. Discovery, including expert discovery, as to issues of damages remains ongoing. OptumRx reserves the right to amend or supplement this Statement to incorporate additional information obtained in discovery.

requisite consent to place the calls at issue. The provision of a telephone number constitutes prior express consent—the level of consent required for informational calls like those at issue here. *See Blow v. Bijora, Inc.*, 855 F.3d 793, 803 (7th Cir. 2017); *see also Payton v. Kale Realty, LLC*, 164 F. Supp. 3d 1050, 1063-66 (N.D. Ill. 2016) (explaining that "providing one's cellular number constitutes prior express consent" and granting summary judgment in favor of defendant where plaintiff provided his cellular telephone number and other contact information).

Here, OptumRx contracted with Walmart Inc. Associates' Health and Welfare Plan ("AHWP") to provide prescription benefits to AHWP members, including OptumRx's clinical adherence and diabetes programs. The clinical adherence and diabetes programs conduct outreach regarding benefits that are included in the AHWP members' plans and are offered at no additional cost to members. OptumRx placed a call to Plaintiff's cellular phone in connection with OptumRx's clinical adherence and diabetes programs because an individual gave consent to receive calls when he provided the telephone number at issue to his employer, Walmart Inc., and that information was included when the individual enrolled in employer-sponsored insurance, AHWP. AHWP provided the member's telephone number to OptumRx in a claims data file. OptumRx relied on the consent obtained from AHWP and the information provided by AHWP for outreach. Because OptumRx had consent to place the calls at issue, Plaintiff cannot succeed on his TCPA claim.

B. <u>Sixth Affirmative Defense – Plaintiff Lacks Article III Standing.</u>

Plaintiff lacks standing because Plaintiff was not the intended recipient of the call. Under the TCPA, a company like OptumRx can place a call when it has the consent of the "called party." 47 U.S.C. § 227(b)(1)(A). As explained above, OptumRx had consent to call its member. *See supra* Sec. A. Moreover, AHWP's member is the "called party." Although some courts have held

that any recipient of a call has standing to sue, the Seventh Circuit and this District have not ruled on the question of whether the "called party" under the TCPA is the subscriber to a phone number, like Plaintiff, or the intended recipient of the call, like AHWP's member.[2]

### C. Eighth Affirmative Defense – OptumRx Had Good Faith Basis To Believe It Had Consent To Place The Calls At Issue.

For the same reasons outlined above, the evidence at trial will show that OptumRx had a good faith basis to believe it had consent to place the calls at issue.  *See supra* Sec. A.  OptumRx relied on the information provided by AHWP—which was obtained when AHWP members enrolled in employer-sponsored insurance through Walmart, Inc.—for outreach to certain members.  The calls to Plaintiff's telephone number were made as part of OptumRx's clinical adherence and diabetes programs and were made based on the consent given by an individual when they provided their phone number to their employer for enrollment in their employee-sponsored health plan.

### D. Sixteenth Affirmative Defense – No Knowing or Willful Violations

The evidence at trial will show that OptumRx did not willfully or knowingly violate the TCPA.  OptumRx takes reasonable steps to ensure that it does not contact incorrect numbers.  Upon discovering that a phone number is incorrect or no longer owned by the intended recipient, OptumRx ceases any further calls to that number.  OptumRx took steps to stop calling Plaintiff about both the clinical adherence and diabetes programs after he reported a wrong number.  The last call made by OptumRx to Plaintiff's phone number was regarding a prescription refill and occurred on February 26, 2024, after which OptumRx ceased all outreach to Plaintiff's phone

---

[2] The same arguments here and in Section A apply with equal force to OptumRx's Twenty-Second Affirmative Defense relating to "called party" issues.  Furthermore, the matters alleged are not ripe and/or should be stayed pending Federal Communications Commission ("FCC") clarification of the "called party" rule for reassigned numbers.

number. OptumRx has established procedures designed to avoid calling a wrong number, including but not limited to, verifying and updating contact information. These measures reflect OptumRx's commitment to compliance and demonstrate that any errors in contacting the wrong number were not a result of knowing or willful violations.

E. <u>Eighteenth Affirmative Defense – Emergency Purposes Exception</u>

OptumRx will show at trial that calls made in connection with its clinical adherence and diabetes programs fall within certain exceptions to the TCPA, barring Plaintiff's (and the putative class members') claims, precluding OptumRx from liability. The TCPA's emergency purposes exception, 47 C.F.R. § 64.1200(a)(1), for example, precludes from the requirements of the TCPA calls made in circumstances that "pose significant risks to public health and safety." *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 35 F.C.C. Rcd. 2840 (2020) (quoting *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 7 F.C.C. Rcd. 8752, 8778 (1992)). A call falling within the "emergency purposes" exception, which early guidance from the FCC recognized should be interpreted broadly, is exempt from all prior consent requirements. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 31 F.C.C. Rcd. 9054, 9062 (2016).

OptumRx's clinical adherence and diabetes programs conduct outreach regarding benefits that are included in the AHWP members' plans and are offered at no additional cost to members. OptumRx's clinical adherence program is designed to engage with certain AHWP members to promote proper medication use and address any barriers that may prevent members from taking their medications as prescribed. This program serves a critical role in patient safety and health outcomes by providing outreach related to drug safety concerns, potential side effects, disease management strategies, and adherence support, among other things. This outreach may include

reminders to refill prescriptions, like the ones Plaintiff received. These communications can be especially urgent and medically significant in cases involving chronic or life-threatening conditions—such as heart disease, hypertension, or asthma—where failure to adhere to prescribed treatment can result in serious health risks or emergency situations. Similarly, OptumRx's clinical diabetes program is designed to engage with certain AHWP members with diabetes, a chronic condition that, if poorly managed, can lead to serious and even life-threatening complications. OptumRx outreaches to these members regarding their diabetes management, including outreach aimed at encouraging blood sugar monitoring, prescription refills, lifestyle management, and routine testing compliance.

Courts have held that similar medical communications may fall within the emergency purposes exception, and as such, in certain circumstances are not subject to TCPA liability. *See Roberts v. Medco Health Sols., Inc.*, No. 4:15-CV-1368-CDP, 2016 WL 3997071, at *2-3 (E.D. Mo. July 26, 2016) (finding that messages from pharmacy benefit managers to obtain information needed to fulfill prescriptions fall within the emergency purposes exception, even when placed to "wrong numbers"); *Lindenbaum v. CVS Health Corp.*, No. 1:17-CV-1863, 2018 WL 501307, at *3 (N.D. Ohio Jan. 22, 2018) (finding that the alleged "prescription reminder[]" calls "that [the plaintiff] never affirmatively tried to stop" were "enough to exempt [the defendant] from liability under the 'emergency purposes' exception" and noting that "[t]he Federal Communications Commission has recognized that the 'emergency purposes' exception should be interpreted broadly"). The evidence will show that these outreach efforts fall within the scope of the "emergency purposes," and thus OptumRx cannot be liable under the TCPA.

Date: May 16, 2025                           Respectfully submitted,

*/s/ Carolyn A. DeLone*
Adam K. Levin (admitted *pro hac vice*)
Carolyn A. DeLone (admitted *pro hac vice*)
Katherine I. Culora (admitted *pro hac vice*)
E. Fleming Farrell (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
555 13th Street NW
Washington, DC 20004
Tel: (202) 637-5600
Fax: (202) 637-5910
adam.levin@hoganlovells.com
carrie.delone@hoganlovells.com
katherine.culora@hoganlovells.com
fleming.farrell@hoganlovells.com

Paul A. Wolfla
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Tel: (317) 237-1241
Fax: (317) 237-1000
Paul.Wolfla@faegredrinker.com

*Counsel for Defendant OptumRx, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2025, a true and correct copy of this document filed through the ECF system will be sent electronically to all counsel of record:

Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

James L. Davidson
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 550
Boca Raton, Florida 33431
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com

/s/ Carolyn A. DeLone
Carolyn A. DeLone