UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Brad Patterson, *on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>OptumRx, Inc.<br><br>Defendant. | Civil Action No.: 1:24-cv-00689-TWP-KMB |

**(PROPOSED) ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

This Court is advised that the parties to this action, Brad Patterson ("Plaintiff") and OptumRx, Inc. ("Defendant"), through their respective counsel, have agreed, subject to this Court's approval and following notice to the settlement class members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the parties' class action settlement agreement ("Agreement"), which Plaintiff filed with this Court:

Based on the Agreement and all of the files, records, and proceedings in this matter, and upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and a hearing should and will be held on **[date]**, after notice to the settlement class members, to confirm that the settlement is fair, reasonable, and adequate, and to determine whether a final order and judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453,

1

and 1711-1715, Defendant will cause to be served written notice of the class settlement on the United States Attorney General and the Attorneys General of each state in which any settlement class member resides.

This Court preliminarily certifies this case as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following settlement class:

> All persons throughout the United States (1) to whom OptumRx, Inc. placed, or caused to be placed, a clinical adherence call, other than calls regarding prescription refill reminders or calls regarding COVID-19 vaccines, (2) directed to a number assigned to a cellular telephone or VOIP service, but not assigned to an OptumRx, Inc. customer or account holder, (3) in connection with which OptumRx, Inc. used, or caused to be used, an artificial or prerecorded voice, (4) from April 20, 2020 through the date of preliminary approval of the settlement.

This Court appoints Plaintiff as the representative for the settlement class, and appoints Anthony Paronich of Paronich Law, P.C. and James Davidson of Greenwald Davidson Radbil PLLC ("GDR") as class counsel for the settlement class.

This Court preliminarily finds, for settlement purposes, that this action satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

A.   The settlement class is so numerous that joinder of all members is impracticable. Rule 23(a) requires that a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The parties represent that there are tens of thousands of persons who may potentially meet the settlement class definition. *See Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 224 (N.D. Ill. 2016) ("Although no magic number exists for satisfying the numerosity requirement, the Seventh Circuit has held that "[e]ven if the class were limited to 40 [members] ... that is a sufficiently large group to satisfy Rule 23(a) where the individual members of the class are widely scattered and their holdings are generally too small to warrant undertaking individual

actions.") (quoting *Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n. 9 (7th Cir. 1969));

  B. Common questions exist as to each settlement class member: Rule 23(a)(2) requires the existence of common questions of law or fact. *See* Fed. R. Civ. P. 23(a)(2). Here each settlement class member is alleged to have suffered same alleged injury: receipt of at least one artificial or prerecorded voice call from Defendant regarding clinical adherence, other than calls regarding prescription refill reminders or calls regarding COVID-19 vaccines, directed to a number assigned to a cellular telephone or VOIP service, but not assigned to an OptumRx, Inc. customer or account holder. *Id*. at 224 ("The proposed class also satisfies commonality and typicality. Each class member suffered roughly the same alleged injury: receipt of at least one phone call or text message from Chase to her cell phone."); *Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 251 (N.D. Ill. 2014) ("Here there is a common injury, resulting from receipt of the allegedly offending calls . . . . The Court likewise determines that there are questions of law or fact common to each class member.");

  C. Plaintiff's claims are typical of the claims of the settlement class members. *See Johnson v. Navient Solutions, Inc.*, 315 F.R.D. 501, 503 (S.D. Ind. 2016) (McKinney, J.) ("Mr. Johnson claims that he received calls after Navient was told that the party with whom they wished to communicate was no longer available at the number called. This is typical of the described class members.");

  D. Plaintiff and class counsel will fairly and adequately protect the interests of all of settlement class members. *Id.* ("Navient presents no substantive objections to the appointment of Greenwald Davidson Radbil PLLC as class counsel and the Court concludes from the evidence in the record that the firm is experienced in consumer class action practice and will adequately

represent the interests of the class."); *Birchmeier*, 302 F.R.D. at 252 ("For this reason, and because the named plaintiffs received the same type of call as the other class members, their claims are typical of those of the class.");

      E.    Questions common to settlement class members predominate over any questions affecting only individual members. A proposed class satisfies Rule 23(b)(3) if "the questions of law or fact common to class members predominate over any questions affecting only individual members, and ... a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here the common questions, such as including whether Defendant placed artificial or prerecorded to cellular telephone numbers are the main questions in this case, and can be resolved on a class-wide basis. Therefore, predominance is satisfied.

      F.    A class action is superior to other available methods for the fair and efficient adjudication of this matter. In general, litigating TCPA claims as part of a class action is superior to litigating them in successive individual lawsuits. *See Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238, 247 (D. Ariz. 2019) (noting in certifying a TCPA class: "The Court is persuaded that putative class members who would ultimately become part of the class would have little incentive to prosecute their claims on their own. Should individual putative class members choose to file claims on their own, given the potential class size and the relatively small amount of statutory damages for each case, individual litigation would not promote efficiency or reduce litigation costs. . . . Therefore, the Court finds that a class action is a superior method to adjudicate this matter."). As well, here, no one class member has an interest in controlling the prosecution of this action. Simply, the claims of all members of the settlement class are identical, they arise from the same standardized conduct, and they result in uniform damages calculations. *See James v.*

*JPMorgan Chase Bank, N.A.*, No. 15–2424, 2016 WL 6908118, at *1 (M.D. Fla. Nov. 22, 2016) ("This class action, which resolves the controversy more fairly and efficiently than a series of individual actions, satisfies Rule 23(b)(3)'s superiority requirement. Because the TCPA permits a maximum award of $500 absent a willful violation, each class member lacks a strong financial interest in controlling the prosecution of his action.").

This Court also preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the following factors: (1) the strength of the plaintiff's case compared to the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the amount of opposition to settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).

This Court also considered the following factors in preliminarily finding that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

    (A)    whether Plaintiff and class counsel have adequately represented the class;

    (B)    whether the proposal was negotiated at arm's length;

    (C)    whether the relief provided for the class is adequate, taking into account:

        (i)    the costs, risks, and delay of trial and appeal;

        (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

  (D) whether the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

  A third-party settlement administrator—Kroll Settlement Administration LLC ("Kroll")——will administer the settlement and distribute notice of the settlement to the settlement class members. Kroll will be responsible for mailing the approved class action notices and settlement checks to the settlement class members. All reasonable costs of notice and administration will be paid from the $1,860,000 common fund.

  This Court approves the form and substance of the proposed notice of the class action settlement, which includes the postcard notice, the detachable claim form, and the question-and-answer notice to appear on the dedicated settlement website.

  The proposed notice and method for notifying the settlement class members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. *See* Fed. R. Civ. P. 23(c)(2)(B).

  This Court additionally finds that the proposed notice is clearly designed to advise the settlement class members of their rights.

  In accordance with the Agreement, the settlement administrator will mail the notice to the settlement class members as expeditiously as possible, but in no event later than 60 days after this Court's entry of this order, *i.e.*, **[date]**.

  Any settlement class member who desires to be excluded from the settlement must send a

written request for exclusion to the settlement administrator with a postmark date no later than 105 days after this Court's entry of this order, *i.e.*, no later than **[date]**. To be effective, the written request for exclusion must state the settlement class member's full name, address, telephone number called by Defendant demonstrating membership in the settlement class, and a clear and unambiguous statement demonstrating a wish to be excluded from the settlement, such as "I request to be excluded from the settlement in the *Patterson v. OptumRx, Inc.* action." A settlement class member who requests to be excluded from the settlement must sign the request personally, or, if any person signs on the settlement class member's behalf, that person must attach a copy of the power of attorney authorizing that signature. A settlement class member may exclude himself or herself on an individual basis only. "Mass" or "class" opt-outs, whether submitted by third parties on behalf of a "mass" or "class" of settlement class members or multiple settlement class members are not allowed, and will not be permitted by the Court.

Any settlement class member who submits a valid and timely request for exclusion will not be bound by the terms of the Agreement. Any settlement class member who fails to submit a valid and timely request for exclusion will be considered a settlement class member and will be bound by the terms of the Agreement.

Any settlement class member who intends to object to the fairness of the proposed settlement must file a written objection with this Court within 105 days after this Court's entry of this order, *i.e.*, no later than **[date]**. Further, any such settlement class member must, within the same time period, provide a copy of the written objection to:

James L. Davidson
Greenwald Davidson Radbil PLLC
5550 Glades Road
Suite 500
Boca Raton, FL 33431

Carolyn A. DeLone
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004

United States District Court for the Southern District of Indiana
46 East Ohio Street
Indianapolis, IN 46204

To be effective, a notice of intent to object to the settlement must include the settlement class member's:

    a.    Full name;

    b.    Address;

    c.    Telephone number to which Defendant placed a subject artificial or prerecorded voice call from April 20, 2020 through **[the date the Court preliminarily approves the parties' class action settlement]**, to demonstrate that the objector is a member of the settlement class;

    d.    A statement of the objection;

    e.    A description of the facts underlying the objection;

    f.    A description of the legal authorities that support each objection;

    g.    A statement noting whether the objector intends to appear at the fairness hearing;

    h.    A list of all witnesses that the objector intends to call by live testimony, deposition testimony, or affidavit or declaration testimony;

    i.    A list of exhibits that the objector intends to present at the fairness hearing; and

    j.    A signature from the settlement class member.

Any settlement class member who has timely filed an objection may appear at the final fairness hearing, in person or by counsel, to be heard to the extent allowed by this Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees, costs, and litigation expenses

Any objection that includes a request for exclusion will be treated as an exclusion and not an objection. And any settlement class member who submits both an exclusion and an objection will be treated as having excluded himself or herself from the settlement, and will have no standing to object.

If this Court grants final approval of the settlement, the settlement administrator will mail a settlement check to each settlement class member who submits a valid, timely claim.

This Court will conduct a final fairness hearing on **[date]**, at the United States District Court for the Southern District of Indiana, 46 East Ohio Street, Indianapolis, Indiana 46204 to determine:

- A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;
- B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this Court;
- C. Whether a final order and judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the released claims against the released parties; and
- D. To discuss and review other issues as this Court deems appropriate.

Attendance by settlement class members at the final fairness hearing is not necessary. Settlement class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement class members wishing to be heard are, however, required to appear at the final fairness hearing. The final fairness hearing may be postponed, adjourned, transferred, or continued without further notice to the class members.

Memoranda in support of the proposed settlement must be filed with this Court no later than thirty days before the final fairness hearing *i.e.*, no later **[date]**. Opposition briefs to any of the foregoing must be filed no later than fourteen days before the final fairness hearing, *i.e.*, no later than **[date]**. Reply memoranda in support of the foregoing must be filed with this Court no later than seven days before the final fairness hearing, *i.e.*, no later than **[date]**.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and litigation expenses by class counsel, or in support of an incentive award, must be filed with this Court no later than thirty-five days before the deadline for settlement class members to object to, or exclude themselves from, the settlement (seventy days after this Court's entry of this Order), *i.e.*, no later than **[date]**. Opposition briefs to any of the foregoing must be filed no later than one hundred five days after entry of this Order, *i.e.*, no later than **[date]**. Reply memoranda in support of the foregoing must be filed with this Court no later than fourteen days after the deadline for settlement class members to object to, or exclude themselves from, the settlement, *i.e.*, no later than **[date]**.

The Agreement and this order will be null and void if any of the parties terminates the Agreement per its terms. Certain events described in the Agreement, however, provide grounds for terminating the Agreement only after the parties have attempted and completed good faith negotiations to salvage the settlement but were unable to do so.

If the Agreement or this order are voided, then the Agreement will be of no force and effect and the parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

This Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and

enforcement of the Agreement.

This Court sets the following schedule:

| **[Date]**: | Order Preliminarily Approving the Settlement Entered |
|---|---|
| **[Date]**: | Defendant to fund Settlement Fund (thirty days after entry of Order Preliminarily Approving the Settlement) |
| **[Date]**: | Notice Sent (sixty days after entry of Order Preliminarily Approving the Settlement) |
| **[Date]**: | Attorneys' Fees Petition Filed (seventy days after entry of Order Preliminarily Approving the Settlement) |
| **[Date]**: | Opposition to Attorneys' Fees Petition (one hundred five days after entry of Order Preliminarily Approving the Settlement) |
| **[Date]**: | Deadline to Submit Claims, Send Exclusion, or File Objection (one hundred five days after entry of Order Preliminarily Approving the Settlement) |
| **[Date]**: | Reply in Support of Attorneys' Fees Petition (fourteen days after the deadline for settlement class members to submit claims, object to, or exclude themselves from, the settlement) |
| **[Date]**: | Motion for Final Approval Filed (thirty days before final fairness hearing) |
| **[Date]**: | Opposition to Motion for Final Approval Filed (fourteen days before final fairness hearing) |
| **[Date]**: | Class Administrator will provide a sworn declaration attesting to proper service of the Class Notice and Claim Forms, and state the number of claims, objections, and opt outs, if any (ten days prior to Final Fairness Hearing) |
| **[Date]**: | Reply in support of Motion for Final Approval (seven days before final fairness hearing) |
| **[Date]**: | Responses to any objection to the settlement (seven days before final fairness hearing) |
| **[Date]**: | Final Fairness Hearing |

IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT COURT JUDGE