UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BRAD PATTERSON, on behalf of himself and others similarly situated,<br><br>     Plaintiff,<br> v.<br><br>OPTUMRX, INC.,<br><br>     Defendant. | Civil Case No.: 1:24-cv-689-TWP-KMB |

**DECLARATION OF JAMES L. DAVIDSON IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES, AND A SERVICE AWARD**

I, James L. Davidson, pursuant to 28 U.S.C. § 1746, declare as follows:

1. My name is James L. Davidson.

2. I am over twenty-one years of age and am fully competent to make the statements contained in this declaration.

3. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

4. I am admitted to practice before this Court *pro hac vice*.

5. I am a partner at the law firm of Greenwald Davidson Radbil PLLC ("GDR"), co-counsel for Brad Patterson ("Plaintiff") and Court-appointed co-class counsel in the above-entitled action.

**GDR's Experience**

6. GDR's attorneys have extensive experience litigating consumer protection class actions, including class actions under the Telephone Consumer Protection Act ("TCPA").

1

7. As court-appointed class counsel in TCPA class actions, GDR has helped to recover nearly $200 million over the past eight years, including in the following cases:

- *Arthur v. Oregon Community Credit Union*, No. 6:24-cv-01700-MC (D. Or.);
- *Johnson v. United HealthCare Servs., Inc.*, No. 5:23-cv-00522-GAP-PRL (M.D. Fla.);
- *Daugherty v. Credit Bureau Servs. Ass'n*, No. 4:23-cv-01728 (S.D. Tex);
- *Cornelius v. Deere Credit Servs., Inc.,* No. 4:24-cv-25-RSB-CLR (S.D. Ga.);
- *Smith v. Assurance IQ, LLC*, No. 2023-CH-092252 (Cook Cnty.,, Ill.);
- *Fralish v. Ceteris Portfolio Servs., LLC*, No. 3:22-CV-176-DRL-MGG (N.D. Ind.);
- *Jackson v. Discover Fin. Servs. Inc.*, No. 1:21-cv-04529 (N.D. Ill.);
- *Lucas v. Synchrony Bank*, No. 4:21-cv-00070-PPS (N.D. Ind.);
- *Wesley v. Snap Fin. LLC*, No. 2:20-cv-00148-RJS-JCB (D. Utah);
- *Miles v. Medicredit, Inc.*, No. 4:20-cv-1186-JAR (E.D. Mo.);
- *Davis v. Mindshare Ventures LLC*, No. 4:19-cv-1961 (S.D. Tex.);
- *Bonoan v. Adobe, Inc.*, No. 3:19-cv-01068-RS (N.D. Cal.);
- *Head v. Citibank, N.A.*, No. CV-18-08189-PCT-ROS (D. Ariz.);
- *Neal v. Wal-Mart Stores, Inc. and Synchrony Bank*, No. 3:17-cv-00022 (W.D.N.C.);
- *Jewell v. HSN, Inc.*, No. 3:19-cv-00247-jdp (W.D. Wis.);
- *Knapper v. Cox Commc'ns, Inc.*, No. 2:17-cv-00913-SPL (D. Ariz.) (Logan, J.);
- *Sheean v. Convergent Outsourcing, Inc.*, No. 2:18-cv-11532-GCS-RSW (E.D. Mich.);
- *Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-01971-T-27AAS (M.D. Fla.);
- *Martinez v. Medicredit, Inc.*, No. 4:16-cv-01138 ERW (E.D. Mo.);
- *Johnson v. NPAS Solutions, LLC*, No. 9:17-cv-80393 (S.D. Fla.) (on appeal);
- *Luster v. Wells Fargo Dealer Servs., Inc.*, No. 1:15-cv-01058-TWT (N.D. Ga.);
- *Prather v. Wells Fargo Bank, N.A.*, No. 1:15-cv-04231-SCJ (N.D. Ga.);

- *Johnson v. Navient Solutions, Inc., f/k/a Sallie Mae, Inc.*, No. 1:15-cv-0716-LJM (S.D. Ind.);

- *Toure and Heard v. Navient Solutions, Inc., f/k/a Sallie Mae, Inc.*, No. 1:17-cv-00071-LJM-TAB (S.D. Ind.);

- *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS (M.D. Fla.);

- *Schwyhart v. AmSher Collection Servs., Inc.*, No. 2:15-cv-1175-JEO (N.D. Ala.);

- *Cross v. Wells Fargo Bank, N.A.*, No. 2:15-cv-01270-RWS (N.D. Ga.);

- *Markos v. Wells Fargo Bank, N.A.*, No. 15-1156 (N.D. Ga.);

- *Prater v. Medicredit, Inc.*, No. 14-00159 (E.D. Mo.);

- *Jones v. I.Q. Data Int'l, Inc.*, No. 1:14-cv-00130-PJK-GBW (D.N.M.); and

- *Ritchie v. Van Ru Credit Corp.*, No. 2:12-CV-01714-PHX-SM (D. Ariz.).

8. In addition, GDR has been appointed class counsel in dozens of class actions brought under consumer protection statutes other than the TCPA, including:

- *Taylor v. TimePayment Corp.*, No. 3:18-cv-00378-MHL-DJN (E.D. Va.);

- *Danger v. Nextep Funding, LLC*, No. 0:18-cv-00567-SRN-LIB (D. Minn.);

- *Spencer v. #1 A LifeSafer of Ariz. LLC*, No. 18-02225-PHX-BSB (D. Ariz.) (Bade, J.);

- *Dickens v. GC Servs. Ltd. P'Ship*, No. 8:16-cv-00803-JSM-TGW (M.D. Fla.);

- *Kagno v. Bush Ross, P.A.*, No. 8:17-cv-1468-T-26AEP (M.D. Fla.);

- *Johnston v. Kass Shuler, P.A.*, No. 8:16-cv-03390-SDM-AEP (M.D. Fla.);

- *Jallo v. Resurgent Capital Servs., L.P.*, No. 4:14-cv-00449 (E.D. Tex.);

- *Macy v. GC Servs. Ltd. P'ship*, No. 3:15-cv-00819-DJH-CHL (W.D. Ky.);

- *Rhodes v. Nat'l Collection Sys., Inc.*, No. 15-cv-02049-REB-KMT (D. Colo.);

- *McCurdy v. Prof'l Credit Servs.*, No. 6:15-cv-01498-AA (D. Or.);

- *Globus v. Pioneer Credit Recovery, Inc.*, No. 15-CV-152V (W.D.N.Y.);

- *Roundtree v. Bush Ross, P.A.*, No. 8:14-cv-00357-JDW-AEP (M.D. Fla.); and

- *Gonzalez v. Germaine Law Office PLC*, No. 2:15-cv-01427-PHX-ROS (D. Ariz.).

9. Multiple district courts have commented on GDR's useful knowledge and experience in connection with class action litigation.

10. In *Head*, Judge Rosyln O. Silver of the District of Arizona wrote:

> Moreover, the quality of Plaintiff's filings to this point, as well as the declarations submitted by the proposed class counsel, Michael Greenwald (Doc. 120-6) . . . persuade the Court that Head, Greenwald, and Wilson will continue to vigorously prosecute this action on behalf of the class.
>
> * * *
>
> Significantly, class counsel have provided a list of well over a dozen class actions Greenwald, Wilson, and their respective firms have each litigated, including several under the TCPA. (Doc. 120-6 at 5-6; Doc. 120-7 at 2-7). These showings demonstrate counsel's experience in handling class actions, complex litigation, and the types of claims asserted in this action. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii).

*Head v. Citibank, N.A.*, 340 F.R.D. 145, 152 (D. Ariz. 2022).

11. As well, in *Ritchie*, Judge Stephen P. McNamee of District of Arizona stated upon granting final approval to the TCPA settlement at issue:

> I want to thank all of you. It's been a pleasure. I hope that you will come back and see us at some time in the future. And if you don't, I have a lot of cases I would like to assign you, because you've been immensely helpful both to your clients and to the Court. And that's important. So I want to thank you all very much.

No. CIV-12-1714 (D. Ariz. July 21, 2014).

12. In preliminarily approving the class action settlement in *Chapman v. Bowman, Heintz, Boscia & Vician, P.C*, Judge Jon E. DeGuilio of the Northern District of Indiana wrote:

> No doubt Michael L. Greenwald of Greenwald Davidson Radbil PLLC has put extensive work into reviewing and investigating the potential claims in this case, and he and his firm have experience in handling class action litigation. Additionally, Mr. Greenwald has demonstrated his knowledge of the FDCPA and he has so far committed the resources necessary to

4

> representing the class and administrating the proposed settlement. The Court believes that Mr. Greenwald will fairly and adequately represent the interests of the class; and therefore, in compliance with Rule 23(g)(1), it is **ORDERED** that Michael Greenwald of Greenwald Davidson Radbil PLLC is appointed Class Counsel.

No. 2:15-cv-120 JD, 2015 WL 9478548, at *6 (N.D. Ind. Dec. 29, 2016).

13. In *Schwyhart*, Judge John E. Ott, Chief Magistrate Judge of the Northern District of Alabama, stated upon granting final approval to a TCPA settlement for which he appointed GDR as class counsel:

> I cannot reiterate enough how impressed I am with both your handling of the case, both in the Court's presence as well as on the phone conferences, as well as in the written materials submitted. . . . I am very satisfied and I am very pleased with what I have seen in this case. As a judge, I don't get to say that every time, so that is quite a compliment to you all, and thank you for that.

No. 2:15-cv-1175-JEO (N.D. Ala. Mar. 15, 2017).

14. Judge Carlton W. Reeves of the Southern District of Mississippi described GDR as follows:

> More important, frankly, is the skill with which plaintiff's counsel litigated this matter. On that point there is no disagreement. Defense counsel concedes that her opponent—a specialist in the field who has been class counsel in dozens of these matters across the country—"is to be commended for his work" for the class, "was professional at all times" ..., and used his "excellent negotiation skills" to achieve a settlement fund greater than that required by the law.
>
> The undersigned concurs ... Counsel's level of experience in handling cases brought under the FDCPA, other consumer protection statutes, and class actions generally cannot be overstated.

*McWilliams v. Advanced Recovery Sys., Inc.*, No. 3:15-CV-70-CWR-LRA, 2017 WL 2625118, at *3 (S.D. Miss. June 16, 2017).

15. As well, Judge Steven D. Merryday of the Middle District of Florida wrote in appointing GDR class counsel in *James* that "Michael L. Greenwald, James L. Davidson, and Aaron

5

D. Radbil of Greenwald Davidson Radbil PLLC, each . . . has significant experience litigating TCPA class actions." 2016 WL 6908118, at *1.

16. In *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, Judge C. Darnell Jones II of the Eastern District of Pennsylvania took care to point out that GDR was appointed as class counsel "precisely because of their expertise and ability to represent the class in this matter." 2016 WL 4766079, at *5 (E.D. Pa. Sept. 13, 2016).

17. Similarly, in *Cooper v. InvestiNet, LLC*, Chief Judge Tanya Walton Pratt of this district wrote:

> GDR is an experienced firm that has successfully litigated many complex consumer class actions, including under the FDCPA. Because of its experience, GDR has been appointed class counsel in many class actions throughout the country, including in this district. GDR employed that experience here in negotiating a favorable result that avoids protracted litigation, trial, and appeals.

No. 1:21-cv-01562-TWP-DML, 2022 WL 1125394 (S.D. Ind. April 14, 2022).

18. Additional information about GDR is available at www.gdrlawfirm.com.

### James L. Davidson

19. I graduated from the University of Florida in 2000 and the University of Florida Fredric G. Levin College of Law in 2003.

20. I have been appointed class counsel in a host of consumer protection class actions.

21. I have also briefed and argued a number of significant consumer protection legal issues on appeal.

22. Prior to forming GDR, I spent five years as a litigator at Robbins Geller, where I focused on complex class actions, including securities and consumer protection litigation.

### Michael L. Greenwald

23. Prior to forming GDR in 2012, Mr. Greenwald spent six years as a litigator at Robbins Geller Rudman & Dowd LLP—one of the nation's largest plaintiff's class action firms.

24. His practice at Robbins Geller focused on complex class actions, including securities and consumer protection litigation.

25. While at Robbins Geller, he served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *In re Evergreen Ultra Short Opportunities Fund Sec. Litig.* (D. Mass.); *In re Red Hat, Inc. Sec. Litig.* (E.D.N.C.); *City of Ann Arbor Emps.' Ret. Sys. v. Sonoco Prods. Co., et al.* (D.S.C.); *Norfolk Cnty. Ret. Sys., et. al. v. Ustian* (N.D. Ill.); *Romero v. U.S. Unwired, Inc.* (E.D. La.); *Lefkoe v. Jos. A. Bank Clothiers, Inc.* (D. Md.); and *In re Odimo, Inc. Sec. Litig.* (Fla.).

26. Mr. Greenwald started his career as an attorney in the Fort Lauderdale, Florida office of Holland & Knight LLP.

### Aaron D. Radbil

27. Mr. Radbil graduated from the University of Arizona in 2002 and from the University of Miami School of Law in 2006.

28. Mr. Radbil has extensive experience litigating consumer protection class actions, including those under the TCPA.

29. In addition to his experience litigating consumer protection class actions, Mr. Radbil has briefed, argued, and prevailed on a variety of issues of significant consumer interest before federal courts of appeals.

### Jesse S. Johnson

30. Mr. Johnson earned his Bachelor of Science degree in Business Administration from

the University of Florida, where he graduated magna cum laude in 2005.

31. He earned his Juris Doctor degree with honors from the University of Florida Fredric G. Levin College of Law in 2009, along with his Master of Arts in Business Administration from the University of Florida Hough Graduate School of Business the same year.

32. While an attorney at GDR, Mr. Johnson has been appointed class counsel in more than a dozen consumer protection class actions.

33. Mr. Johnson started his legal career as an associate at Robbins Geller, where he served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, No. 1:11-cv-08332 (N.D. Ill.); *Eshe Fund v. Fifth Third Bancorp*, No. 1:08-cv-00421 (S.D. Ohio); *City of St. Clair Shores Gen. Emps.' Ret. Sys. v. Lender Processing Servs., Inc.*, No. 3:10-cv-01073 (M.D. Fla.); and *In re Synovus Fin. Corp.*, No. 1:09-cv-01811 (N.D. Ga.).

### Notice to Settlement Class Members

34. Kroll, LLC confirmed that it disseminated Court-approved class notice to potential settlement class members on December 22, 2025.

### Attorneys' Fees

35. GDR accepted this matter on a contingent basis in connection with which it is permitted to apply to the court for an award of attorneys' fees from any common fund established for the benefit of a class.

36. GDR has not received any payment for its services in this matter to date.

37. GDR devoted significant time and resources to this case to date, including: (a) conducting an investigation into the underlying facts regarding Mr. Patterson's claims and class members' claims; (b) preparing a class action complaint; (c) researching the law pertinent to class

members' claims and Defendant's defenses; (d) negotiating a protective order; (e) preparing and serving written discovery requests; (f) reviewing Defendant's responses and objections to written discovery requests and related documents produced by Defendant; (g) preparing for the corporate representative deposition of Defendant pursuant to Rule 30(b)(6); (h) preparing Plaintiff for his deposition; (i) engaging in extensive meet-and-confer efforts regarding Defendant's discovery responses and document production; (j) preparing Plaintiff's Statement of Claims; (k) attending status conferences with defense counsel and Magistrate Judge Barr; (l) retaining two experts and assisting in the preparation of their reports; (m) preparing for and attending mediation with Judge Welsh, including preparing a detailed mediation statement; (n) preparing and negotiating the parties' class action settlement agreement, along with the proposed class notices and claim forms; (o) negotiating with class administration companies to secure the best notice plan practicable; (p) researching and preparing Mr. Patterson's motion for preliminary approval of the class action settlement, and counsel's declaration in support; (q) closely monitoring evolving TCPA case law and its potential impacts on this case; (r) conferring with the class administrator to oversee the notice, claims, and administration process; and (s) repeatedly conferring with Mr. Patterson throughout this case.

38. Furthermore, more work remains to be done until the settlement is finally approved and payments are distributed to participating class members, including responding to class member inquiries, overseeing the notice and claims process, preparing Mr. Patterson's motion for final approval of the class action settlement, responding to class member objections, if any, preparing for and attending the final fairness hearing, and, if approved, overseeing the process of providing settlement payments to participating Settlement Class Members.

39. Defendant is free to oppose Plaintiff's request for an award of attorneys' fees.

40. Considering relevant factors, I believe the request for attorneys' fees in the amount of one-third of the settlement fund is both fair and reasonable.

### Litigation Costs and Expenses

41. To date, GDR has incurred $25,037.70 in litigation costs and expenses in connection with this matter.

42. More specifically, GDR incurred the following necessary litigation costs and expenses:

- expert fees and related costs ($13,885.90)
- deposition and transcript costs ($1,051.80); and
- mediation fees ($10,100.00).

43. As well, GDR incurred additional costs and expenses, such as for photocopies and computerized legal research on Westlaw, for which GDR does not seek reimbursement.

### Service Award

44. Plaintiff devoted considerable time and energy to this case for well over a year.

45. Plaintiff reviewed and approved filings, participated in strategy conferences with his counsel, responded to written discovery, including producing documents, sat for deposition, and participated in mediation.

46. Plaintiff was an ideal and dedicated class representative throughout this matter, and his time and effort led to the meaningful cash recovery class members will receive if this Court approves the settlement.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ James L. Davidson*
James L. Davidson

Dated: December 30, 2025
