# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Brad Patterson, *on behalf of himself and others similarly situated*,<br><br>  Plaintiff,<br><br>v.<br><br>OptumRx, Inc.,<br><br>  Defendant. | Civil Action No.: 1:24-cv-00689-TWP-KMB |

## (PROPOSED) ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT

Brad Patterson ("Plaintiff") filed a class action complaint against OptumRx, Inc. ("Defendant") in the United States District Court for the Southern District of Indiana, No. 1:24-cv-00689 (the "Lawsuit"), asserting class claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

On or around October 8, 2025, after extensive arm's-length negotiations, Plaintiff and Defendant (the "Parties") entered into a written class action settlement agreement (the "Agreement"), ECF No. 58-1, Ex. A, which is subject to review under Fed. R. Civ. P. 23.

On October 8, 2025, the Parties filed the Agreement, along with Plaintiff's unopposed motion for preliminary approval of class action settlement (the "Preliminary Approval Motion"). ECF No. 58.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendant served written notice of the proposed class settlement as directed.

On October 22, 2025, upon consideration of Plaintiff's Preliminary Approval Motion and the record, this Court entered an order preliminarily approving the class action settlement ("Order

Preliminarily Approving the Settlement"). Pursuant to the Order Preliminarily Approving the Settlement, this Court, among other things, (i) preliminarily approved the proposed settlement and (ii) set the date and time of the final fairness hearing. ECF No. 59.

On December 31, 2025, Plaintiff filed his motion for attorneys' fees, costs, and expenses, and an incentive award. ECF Nos. 60-61.

On February 23, 2026, Plaintiff filed his motion for final approval of class action settlement (the "Final Approval Motion"). ECF No. 65.

On March 31, 2026, a final fairness hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the Lawsuit satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

This Court has read and considered the Agreement, Final Approval Motion, and the record of these proceedings.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling Parties.

Pursuant to Fed. R. Civ. P. 23(b)(3), and for the reasons this Court included in the Order Preliminarily Approving the Settlement, the Lawsuit is finally certified, for settlement purposes, as a class action on behalf of the following settlement class members with respect to the claims asserted in the Lawsuit:

> All persons throughout the United States (1) to whom OptumRx, Inc. placed, or caused to be placed, a clinical adherence call, other than calls regarding prescription

  refill reminders or calls regarding COVID-19 vaccines, (2) directed to a number assigned to a cellular telephone or VOIP service, but not assigned to an OptumRx, Inc. customer or account holder, (3) in connection with which OptumRx, Inc. used, or caused to be used, an artificial or prerecorded voice, (4) from April 20, 2020 through October 22, 2025.

Pursuant to Fed. R. Civ. P. 23, this Court finally certifies Plaintiff as the class representative, and James L. Davidson of Greenwald Davidson Radbil PLLC ("GDR") and Anthony Paronich of Paronich Law, P.C. as class counsel.

  Pursuant to this Court's Order Preliminarily Approving the Settlement, the approved class action notices were mailed. The form and method for notifying the settlement class members of the settlement and its terms and conditions were in conformity with this Court's Order Preliminarily Approving the Settlement and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. This Court finds that the notice was clearly designed to advise settlement class members of their rights.

  This Court again finds, for the reasons this Court included in the Order Preliminarily Approving the Settlement, that the settlement class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

  A. The settlement class members are so numerous that joinder of all of them in the Lawsuit is impracticable;

  B. There are questions of law and fact common to the settlement class members, which predominate over any individual questions;

  C. Plaintiff's claims are typical of the claims of the settlement class members;

  D. Plaintiff and class counsel have fairly and adequately represented and protected the interests of all settlement class members;

  E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy; and

  F. A class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court finds that that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the following factors:

  A. The amount of opposition to settlement among affected parties:

  B. The likely complexity, length and expense of continued litigation:

Expert depositions and significant motion practice lay ahead, including briefing on Plaintiff's forthcoming motion for class certification, and likely competing motions for summary judgment. Given the considerable work already performed in this matter—and the work left to perform, including any appeals—settlement here is warranted.

  C. The stage of the proceedings and the amount of discovery completed:

The Parties engaged in significant discovery, including written discovery and depositions of the Parties, focused both on Plaintiff's individual claims and on those of absent settlement class members. The settlement was, therefore, consummated when the Parties were well-informed regarding the strengths and weaknesses of their respective positions. Moreover, the Parties reached an agreement to resolve this matter only after mediating Plaintiff's claims against Defendant with Hon. Diane M. Welsh (Ret.) of JAMS. The settlement is therefore not a product of collusion but was the result of arm's-length settlement negotiations, as directed by an experienced class action mediator.

  D.  The strength of the plaintiff's case compared to the terms of the proposed settlement:

Despite obstacles, and with the assistance of a highly respected mediator, Plaintiff negotiated a settlement that compares favorably to other TCPA class action settlements. To be sure, the per-claimant recovery is in line with and in some cases exceeds that of other recently approved TCPA class action settlements. The settlement provides class members with real monetary relief, despite the purely statutory damages at issue—damages that courts have deemed too small to incentivize individual actions. Therefore, because of the settlement, settlement class members will receive money they otherwise would have likely never pursued on their own.

In the end, the settlement constitutes an objectively favorable result for settlement class members, and outweighs the mere possibility of future relief after protracted and expensive litigation.

  E. The opinion of competent counsel:

GDR and Paronich Law are highly experienced in class action litigation, particularly in cases under the TCPA. And GDR and Paronich Law firmly believe that the settlement is fair, reasonable, adequate, and in the best interests of class members.

The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

  (A) the class representatives and class counsel have adequately represented the class;

  (B) the proposal was negotiated at arm's length;

  (C) the relief provided for the class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

5

      (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

      (iii)    the terms of any proposed award of attorney's fees, including timing of payment; and

      (iv)    any agreement required to be identified under Rule 23(e)(3); and

(D)    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Agreement, which is deemed incorporated into this order, is finally approved and must be consummated in accordance with its terms and provisions, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

A.    <u>Settlement Fund</u> – Defendant established a $1,860,000 non-reversionary fund (the "Settlement Fund").

B.    <u>Deductions</u> – The following are to be deducted from the Settlement Fund before any other distributions are made:

    a.    The costs for the administration of the settlement and class notice;

    b.    An incentive award to the Plaintiff in the amount of $10,000;

    c.    Class counsel's attorneys' fees, in the amount of $580,796.42; and

    c.    Reimbursement of class counsel's litigation costs and expenses in the amount of $28,925.60.

C.    <u>Settlement Payments to Class Members</u> – Each settlement class member who has submitted a valid and timely claim form will receive compensation as set forth in the Agreement. Each settlement check will be void one-hundred twenty days after issuance.

The settlement class members were given an opportunity to object to the settlement. No settlement class members objected to the settlement or the requests for attorneys' fees, costs, or expenses. One settlement class member made a valid and timely request for exclusion.

This order is binding on all settlement class members, except the following individual who made a and timely request for exclusion:

- Elizabeth Candelario.

Plaintiff, settlement class members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the released claims against the released party, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the released claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

This final order and judgment bars and permanently enjoins Plaintiff and all members of the settlement class from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), asserting the released claims, and (b) attempting to effect opt-outs of a class of individuals in any lawsuit or arbitration proceeding based on the released claims, except that settlement class members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

The Lawsuit is hereby dismissed with prejudice in all respects.

This order, the Agreement, and any and all negotiations, statements, documents, and proceedings in connection with this settlement are not, and will not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

This Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to class counsel.

For the reasons set forth in Plaintiff's motion for attorneys' fees, costs, and expenses, and an incentive award, ECF Nos. 60-61, class counsel's request for an award of attorneys' fees of $580,796.42 of the settlement fund, is approved, as is Plaintiff's request for an incentive award of $10,000.

Class counsel's request for reimbursement of reasonable litigation costs and expenses in the total amount of $28,925.60 is approved. *See id*.

IT IS SO ORDERED.

Dated:

_____
Hon. Tanya Walton Pratt
UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF INDIANA