# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Brad Patterson, *on behalf of himself and others similarly situated,*<br><br>                    Plaintiff,<br><br>        v.<br><br>OptumRx, Inc.<br><br>                    Defendant. | Case No. 1:24-cv-00689-TWP-KMB<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF ANDREA DUDINSKY OF KROLL SETTLEMENT ADMINISTRATION LLC IN CONNECTION WITH FINAL APPROVAL OF SETTLEMENT**<br><br>Date: March 31, 2026<br>Time: 9:00 a.m. ET<br>Dept: Courtroom 344<br><br>The Hon. Tanya Walton Pratt |

I, Andrea Dudinsky, declare as follows:

## **INTRODUCTION**

1.      I am a Director of Kroll Settlement Administration LLC ("Kroll"),[1] the Claims Administrator appointed in the above-captioned case, whose principal office is located at One World Trade Center, 285 Fulton Street, 31st Floor, New York, New York 10007. I am over 21 years of age and am authorized to make this declaration on behalf of Kroll and myself. The following statements are based on my personal knowledge and information provided by other experienced Kroll employees working under my general supervision. This declaration is being filed in connection with final approval of the Settlement.

2.      Kroll has extensive experience in class action matters, having provided services in class action settlements involving antitrust, privacy, securities fraud, labor and employment, consumer, and government enforcement matters. Kroll has provided notification and/or claims administration services in more than 3,000 cases.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement (as defined below).

## BACKGROUND

3.       Kroll was appointed as the Claims Administrator to provide notification and claims administration services in connection with the Class Action Settlement Agreement (the "Settlement Agreement") entered into in this litigation. Kroll's duties in connection with the Settlement have and will include: (a) preparing and sending notices in connection with the Class Action Fairness Act; (b) receiving and analyzing the Settlement Class Member contact list (the "Class List") from counsel for Defendant; (c) creating a website with online claim-filing capabilities (the "Settlement Website"); (d) establishing a toll-free telephone number; (e) establishing a post office box for the receipt of mail; (f) preparing and sending the Class Notice and detachable Claim Form via first-class mail (the "Postcard Notice"); (g) receiving and processing mail from the United States Postal Service ("USPS") with forwarding addresses; (h) receiving and processing undeliverable mail, without a forwarding address, from the USPS; (i) receiving and processing Claim Forms; (j) receiving and processing requests for exclusion and objections; and (k) such other tasks as counsel for the Parties or the Court request Kroll to perform.

## NOTICE PROGRAM

### The CAFA Mailing

4.       As noted above, on behalf of the Defendant, Kroll provided notice of the proposed Settlement pursuant to the Class Action Fairness Act, 28 U.S.C. §1715(b) ("the CAFA Notice"). At counsel for Defendant's direction, on October 17, 2025, Kroll sent the CAFA Notice identifying the documents required, a true and correct copy of which is attached hereto as **Exhibit A**, via first-class certified mail, to (a) the Attorney General of the United States, (b) the fifty-three (53) state and territorial Attorneys General identified in the service list for the CAFA Notice, attached hereto as **Exhibit B** and (c) via email to the three (3) state Attorneys General as noted on **Exhibit B**.

5.       On December 2, 2025, per the request of counsel for Defendant, Kroll sent an amended CAFA Notice, a true and correct copy of which are attached hereto as **Exhibit C**, via the same modes of delivery and to the same recipients as described above. The CAFA Notices directed

the Attorneys General to the website www.CAFANotice.com, a site that contains all the documents relating to the Settlement referenced in the CAFA Notice.

**Data and Case Setup**

6.      On November 12, 2025, Kroll received one (1) data file from the Defendant's counsel. The file contained 143,576 unique telephone numbers. Kroll ran a database search on all records to obtain the available names and physical mailing addresses associated with wireless and voice over internet protocol ("VOIP") telephone numbers in the Class List. The database search identified 103,686 wireless and VOIP telephone numbers. Of the 103,686 identified wireless and VOIP telephone numbers, 93,872 telephone numbers contained names and addresses of potential Settlement Class Members. Kroll undertook several steps to review the Class List for the mailing of 93,872 Postcard Notices. Additionally, in an effort to ensure that Postcard Notices would be deliverable to Settlement Class Members, Kroll ran the Class List through the USPS's National Change of Address ("NCOA") database and updated the Class List with address changes received from the NCOA.

7.      On October 8, 2025, Kroll created a dedicated Settlement Website entitled www.OptumRxTCPAClassActionSettlement.com. The Settlement Website went live on December 5, 2025, and contains a summary of the Settlement, important dates and deadlines, contact information for the Claims Administrator, answers to frequently asked questions, downloadable copies of relevant documents, including the Settlement Agreement, complaint, the Order Preliminarily Approving the Settlement, the long-form Class Notice, Postcard Notice, Claim Form, and Plaintiff's petition for attorneys' fees, expenses, and costs, and allowed Settlement Class Members an opportunity to file a Claim Form online.

8.      On October 28, 2025, Kroll designated a post office box with the mailing address *Patterson v. OptumRx, Inc.,* c/o Kroll Settlement Administration LLC, P.O. Box 225391, New York, NY 10150-5391, in order to receive requests for exclusions, Claim Forms, objections, and correspondence from Settlement Class Members.

9.      On November 10, 2025, Kroll established a toll-free telephone number, (833) 630-5368, for Settlement Class Members to call and obtain additional information regarding the Settlement through an Interactive Voice Response ("IVR") system. As of March 16, 2026, the IVR system has received 321 calls.

**The Notice Program**

10.      On December 22, 2025, Kroll caused the mailing of 93,872 Postcard Notices via first-class mail. A true and correct copy of the Postcard Notice, along with the long-form Class Notice and Claim Form, are attached hereto as **Exhibits D, E, and F**, respectively.

## NOTICE PROGRAM REACH

11.      As of March 16, 2026, 540 Postcard Notices were returned by the USPS with a forwarding address. Of those, 495 Postcard Notices were automatically re-mailed to the updated addresses provided by the USPS. The remaining forty-five (45) Postcard Notices were re-mailed by Kroll to the updated address provided by the USPS.

12.      As of March 16, 2026, 11,002 Postcard Notices were returned by the USPS as undeliverable as addressed, without a forwarding address. Kroll ran 9,649 undeliverable records through an advanced address search.[2] The advanced address search produced 5,810 updated addresses. Kroll has re-mailed Postcard Notices to the 5,810 updated addresses obtained from the advanced address search. Of the 5,810 re-mailed Postcard Notices, sixty-two (62) have been returned as undeliverable a second time.

13.      Based on the foregoing, following all Postcard Notice re-mailings, Kroll has reason to believe that Postcard Notices likely reached 88,618 of the 93,872 persons to whom Postcard Notice was mailed, which equates to a reach rate of the direct mail notice of approximately 94.4%. This reach rate is consistent with other court-approved, best-practicable notice programs and

---

[2] The remaining 1,353 undeliverable Postcard Notices received to date were received after the final advanced address search was run and therefore those records were not included in the search.

Federal Judicial Center Guidelines, which state that a notice plan that reaches[3] over 70% of targeted class members is considered a high percentage and the "norm" of a notice campaign.[4]

## CLAIM ACTIVITY

14.    The deadline to submit a Claim Form was February 4, 2026.

15.    As of March 16, 2026, Kroll has received 2,887 Claim Forms through the mail and 2,404 Claim Forms filed electronically through the Settlement Website, for a total of 5,291 claims received.

16.    Kroll has identified a total of 210 Claim Forms where the Settlement Class Member either did not sign their Claim Form or did not provide the telephone number where the Settlement Class Member received the calls at issue. Kroll will be sending out a deficiency letter to these 210 Settlement Class Members to allow them to cure their claim.

17.    To prevent Claim Forms from being filed by individuals outside the Settlement Class and to curtail fraud, Settlement Class Members were provided a unique "Class Member ID" on their respective notices as part of the claims process. The Class Member ID is required for Settlement Class Members to file a Claim Form online.

18.    In late January, Kroll began to receive large amounts of Claim Forms from an unknown sender that were sent in bulk with indicia that many of these claim forms are likely to be invalid.[5] Kroll is currently in the process of reviewing these bulk claims for validity and in consultation with Class Counsel and counsel for the Defendant will exclude each claim form deemed to be invalid.

---

[3] FED. JUD. CTR., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (2010), *available at* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf. The guide suggests that the minimum threshold for adequate notice is 70%.

[4] Barbara Rothstein and Thomas Willging, Federal Judicial Center Managing Class Action Litigation: A Pocket Guide for Judges, at 27 (3d ed. 2010).

[5] These claim forms sent in bulk are not included in the count of total claim forms received set forth in paragraph 14 above.

19.     As of March 16, 2026, of the 5,291 Claim Forms received, 148 claims were late but otherwise valid.

## EXCLUSIONS AND OBJECTIONS

20.     The deadline to request an exclusion or object to the Settlement was February 4, 2026.

21.     Kroll has received one (1) timely exclusion request and zero (0) objections to the Settlement. A list of the exclusions is attached hereto as **Exhibit G**.

## COSTS OF NOTICE PROGRAM

22.     As of March 16, 2026, Kroll has billed $114,142.59 for services and fees incurred in the administration of this matter. Kroll estimates that it will bill an additional $70,000 to $80,000 to complete the administration of this Settlement. The current estimate is subject to change depending on factors such as the number of claims remaining to be reviewed and/or any Settlement administration scope change not currently under consideration.

## CERTIFICATION

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and that this declaration was executed on March 16, 2026, in Kansas City, Missouri.

ANDREA DUDINSKY

# Exhibit A



VIA U.S. MAIL

Date:    October 17, 2025

To:      All "Appropriate" Federal and State Officials Per 28 U.S.C. § 1715
         (*see attached service list*)

Re:      <u>CAFA Notice for the proposed Settlement in *Patterson v. OptumRx, Inc.,* Case
         No. 1:24-cv-689-TWP-KMB, pending in the United States District Court for the
         Southern District of Indiana</u>


Pursuant to Section 3 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C.
§ 1715, Defendant OptumRx, Inc. ("Defendant") hereby notifies you of the proposed settlement
of the above-captioned action (the "Action"), currently pending in the United States District Court
for the Southern District of Indiana (the "Court").

Eight items must be provided to you in connection with any proposed class action
settlement pursuant to 28 U.S.C. § 1715(b). Each of these items is addressed below, and all exhibits
are available for download at www.CAFANotice.com under the folder entitled *Patterson v.
OptumRx, Inc.*:

1.    <u>28 U.S.C. § 1715(b)(l) – a copy of the complaint and any materials filed with the
      complaint and any amended complaints</u>.

      The Class Action Complaint is available as **Exhibit A**.

2.    <u>28 U.S.C. § 1715(b)(2) – notice of any scheduled judicial hearing in the class
      action</u>.

      On October 8, 2025, Plaintiff filed a motion for preliminary approval of the class
      action settlement, which remains pending before the Court. The proposed
      Preliminary Approval Order is available as **Exhibit B**.  The Court has not yet
      scheduled the Fairness Hearing for this matter.

3.    <u>28 U.S.C. § 1715(b)(3) – any proposed or final notification to class members</u>.

      Copies of the proposed Postcard Notice and Long Form Notice will be provided to
      Class Members and will be available on the Settlement Website created for the
      administration of this matter. These are available as **Exhibits C** and **D**,
      respectively. The Notices describe, among other things, the claim submission
      process and the Class Members' rights to object or exclude themselves from the
      Class.

4.     28 U.S.C. § 1715(b)(4) – any proposed or final class action settlement.

The Settlement Agreement is available as **Exhibit E**.

5.     28 U.S.C. § 1715(b)(5) – any settlement or other agreement contemporaneously made between class counsel and counsel for defendants.

There are no other settlements or other agreements between Class Counsel and counsel for Defendant beyond what is set forth in the Settlement Agreement.

6.     28 U.S.C. § 1715(b)(6) – any final judgment or notice of dismissal.

The Court has not yet entered a final judgment or notice of dismissal. Accordingly, no such document is presently available.

7.     28 U.S.C. § 1715(b)(7) – (A) If feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or (B) if the provision of the information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement.

The definition of the Class in the proposed Settlement Agreement means all persons throughout the United States (1) to whom OptumRx, Inc. placed, or caused to be placed, a clinical adherence call, other than calls regarding prescription refill reminders or calls regarding COVID-19 vaccines (2) directed to a number assigned to a cellular telephone or VOIP service, but not assigned to an OptumRx, Inc. customer or account holder, (3) in connection with which OptumRx, Inc. used, or caused to be used, an artificial or prerecorded voice, (4) from April 20, 202 through the date of the preliminary approval of the settlement.

The complete list and counts by state of Class Members is not known. Defendant is unable to provide the names of the putative class members or an estimated proportionate share of claims for individuals residing in each state because Defendant does not have that information. This matter involves what is known as a "wrong-number" case brought under the Telephone Consumer Protection Act, meaning the individuals allegedly contacted may have received calls intended for someone else. Thus, at this time, the parties have only incomplete data containing phone numbers for putative class members, without accompanying names, addresses, or other identifying information.

8.     28 U.S.C. § 1715(b)(8) – any written judicial opinion relating to the materials described in 28 U.S.C. § 1715(b) subparagraphs (3) through (6).

There has been no written judicial opinion. Accordingly, no such document is presently available.

If you have any questions about this notice, the Action, or the materials available for download at www.CAFANotice.com under the folder entitled *Patterson v. OptumRx, Inc*, please contact the undersigned below.

Respectfully submitted,

Amanda Stallings
Senior Manager
Amanda.Stallings@kroll.com

# Exhibit B

## CAFA NOTICE SERVICE LIST

**U.S. Attorney General**
Pamela Bondi
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530

**Alabama Attorney General**
Steve Marshall
501 Washington Ave.
P.O. Box 300152
Montgomery, AL 36130

**Alaska Attorney General**
Treg Taylor
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501

**American Samoa Attorney General**
Fainu'ulelei Falefatu Ala'ilima-Utu
Executive Office Building, Utulei
3rd FL, PO Box 7
Utulei, AS 96799

**Arizona Attorney General**
Kris Mayes
2005 N Central Ave
Phoenix, AZ 85004

**Arkansas Attorney General**
Tim Griffin
323 Center St., Suite 200
Little Rock, AR 72201

**California Attorney General**
CAFA Coordinator
Office of the Attorney General
Consumer Protection Section
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102

**Colorado Attorney General**
Phil Weiser
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203

**Connecticut Attorney General**
William Tong
165 Capitol Avenue
Hartford, CT 06106
*AG.CAFA@CT.GOV

*Preferred

**Delaware Attorney General**
Kathy Jennings
Carvel State Office Building
820 N. French St.
Wilmington, DE 19801

**District of Columbia Attorney General**
Brian Schwalb
400 6th Street NW
Washington, D.C. 20001

**Florida Attorney General**
James Uthmeier
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399

**Georgia Attorney General**
Chris Carr
40 Capitol Square, SW
Atlanta, GA 30334

**Guam Attorney General**
Douglas Moylan
Office of the Attorney General ITC Building
590 S. Marine Corps Dr, Ste 706
Tamuning, Guam 96913

**Hawaii Attorney General**
Anne E. Lopez
425 Queen St.
Honolulu, HI 96813

**Idaho Attorney General**
Raúl Labrador
700 W. Jefferson Street, Suite 210
P.O. Box 83720
Boise, ID 83720

**Illinois Attorney General**
Kwame Raoul
James R. Thompson Ctr.
100 W. Randolph St.
Chicago, IL 60601

**Indiana Attorney General**
Todd Rokita
Indiana Government Center South
302 West Washington St., 5th Fl.
Indianapolis, IN 46204

**Iowa Attorney General**
Brenna Bird
Hoover State Office Building
1305 E. Walnut
Des Moines, IA 50319

**Kansas Attorney General**
Kris Kobach
120 S.W. 10th Ave., 2nd Fl.
Topeka, KS 66612

**Kentucky Attorney General**
Russell Coleman
700 Capital Avenue
Capitol Building, Suite 118
Frankfort, KY 40601

**Louisiana Attorney General**
Liz Murrill
1885 North Third St
Baton Rouge, LA 70802

**Maine Attorney General**
Aaron Frey
State House Station 6
Augusta, ME 04333

**Maryland Attorney General**
Anthony G. Brown
200 St. Paul Place
Baltimore, MD 21202

**Massachusetts Attorney General**
Office of Massachusetts Attorney General
Andrea Joy Campbell
ATTN: CAFA Coordinator/General
Counsel's Office

One Ashburton Place
Boston, MA 02108

**Michigan Attorney General**
Dana Nessel
P.O. Box 30212
525 W. Ottawa St.
Lansing, MI 48909

**Minnesota Attorney General**
Keith Ellison
445 Minnesota St, Suite 600
St. Paul, MN 55101

**Mississippi Attorney General**
Lynn Fitch
Department of Justice, P.O. Box 220
Jackson, MS 39205

**Missouri Attorney General**
Andrew Bailey
Supreme Ct. Bldg., 207 W. High St.
P.O. Box 899
Jefferson City, MO 65101

**Montana Attorney General**
Austin Knudsen
Office of the Attorney General, Justice Bldg.
215 N. Sanders St., Third Floor
P.O. Box 201401
Helena, MT 59620

**Nebraska Attorney General**
Mike Hilgers
2115 State Capitol
P.O. Box 98920
Lincoln, NE 68509

**Nevada Attorney General**
Aaron D. Ford
CAFA Coordinator
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson Street
Carson City, NV 89701
* NVAGCAFAnotices@ag.nv.gov

* Preferred

**New Hampshire Attorney General**
John Formella
33 Capitol Street
Concord, NH 03301

**New Jersey Attorney General**
Matthew J. Platkin
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor
P.O. Box 080
Trenton, NJ 08625

**New Mexico Attorney General**
Raul Torrez
P.O. Drawer 1508
Santa Fe, NM 87504-1508

**New York Attorney General**
Letitia A. James
CAFA Coordinator
Office of the New York State Attorney
General
28 Liberty Street, 15th Floor
New York, NY 10005
* CAFA.Notices@ag.ny.gov

* Preferred

**North Carolina Attorney General**
Jeff Jackson
Dept. of Justice, P.O. Box 629
Raleigh, NC 27602-0629

**North Dakota Attorney General**
Drew Wrigley
State Capitol
600 E. Boulevard Ave.
Bismarck, ND 58505

**Northern Mariana Islands Attorney
General**
Edward E. Manibusan
Administration Building
P.O. Box 10007
Saipan, MP 96950

**Ohio Attorney General**
Dave Yost
State Office Tower
30 E. Broad St., 14th Floor
Columbus, OH 43215

**Oklahoma Attorney General**
Gentner Drummond
313 NE 21st Street
Oklahoma City, OK 73105

**Oregon Attorney General**
Dan Rayfield
Oregon Department of Justice
1162 Court St., NE
Salem, OR 97301

**Pennsylvania Attorney General**
Dave Sunday
Pennsylvania Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

**Puerto Rico Attorney General**
Janet Parra-Mercado
P.O. Box 9020192
San Juan, PR 00902

**Rhode Island Attorney General**
Peter F. Neronha
150 S. Main St.
Providence, RI 02903

**South Carolina Attorney General**
Alan Wilson
Rembert C. Dennis Office Bldg.
P.O. Box 11549
Columbia, SC 29211

**South Dakota Attorney General**
Marty Jackley
1302 East Highway 14, Suite 1
Pierre, SD 57501

**Tennessee Attorney General**
Jonathan Skrmetti
PO Box 20207
Nashville, TN 37202

**Texas Attorney General**
Ken Paxton
Capitol Station
P.O. Box 12548
Austin, TX 78711

**U.S. Virgin Islands Attorney General**
Gordon C. Rhea
3438 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, Virgin Islands 00802

**Utah Attorney General**
Derek Brown
State Capitol, Rm. 236
Salt Lake City, UT 84114-0810

**Vermont Attorney General**
Charity R. Clark
109 State St.
Montpelier, VT 05609

**Virginia Attorney General**
Jason Miyares
202 North Ninth Street
Richmond, VA 23219

**Washington Attorney General**
Nick Brown
1125 Washington St. SE
P.O. Box 40100
Olympia, WA 98504

**West Virginia Attorney General**
John McCuskey
State Capitol Complex, Bldg. 1, Rm. E-26
1900 Kanawha Blvd. E
Charleston, WV 25305

**Wisconsin Attorney General**
Josh Kaul
Wisconsin Department of Justice State
Capitol, Room 114 East
P.O. Box 7857
Madison, WI 53707

**Wyoming Attorney General**
Ryan Schelhaas
State Capitol Bldg.
200 W. 24th Street
109 State Capitol
Cheyenne, WY 82002

Exhibit C



**KROLL**
SETTLEMENT
ADMINISTRATION

<u>VIA U.S. MAIL</u>

Date:    December 2, 2025

To:      All "Appropriate" Federal and State Officials Per 28 U.S.C. § 1715
         (*see attached service list*)

Re:      <u>Amended CAFA Notice for the proposed Settlement in *Patterson v. OptumRx,*</u>
         <u>*Inc.,* Case No. 1:24-cv-689-TWP-KMB, pending in the United States District</u>
         <u>Court for the Southern District of Indiana</u>


On October 17, 2025, we submitted to your office a Notice on behalf of Defendant Optum Rx, Inc. ("Defendant") pursuant to Section 3 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, in connection with the proposed settlement of the above-captioned action (the "Action"), currently pending in the United States District Court for the Southern District of Indiana (the "Court"). For the reasons set forth below, Defendant hereby submits this Amended CAFA Notice.

At the time of the initial CAFA Notice, we were unable to provide the names of putative class members or an estimate of the proportionate share of claims for individuals residing in each state. For further context, this Action is a "wrong-number" case brought under the Telephone Consumer Protection Act, meaning that the individuals allegedly contacted may have received calls intended for someone else. Accordingly, the data available at the time of the initial CAFA Notice consisted solely of phone numbers for putative class members, without accompanying names, addresses, or other identifying information needed to provide the requested information.

Two developments have occurred since the initial CAFA Notice. First, the Court granted preliminary approval of the settlement on October 22, 2025. Second, a reverse telephone lookup process has occurred to supplement the data in the possession of Defendant and identify potential class members pursuant to CAFA, 28 U.S.C. § 1715(b)(7). An estimated breakdown by state for potential class members is now available as Exhibit F. *See infra* at No. 7.

Eight items must be provided to you in connection with any proposed class action settlement pursuant to 28 U.S.C. § 1715(b). Each of these items is addressed below, and all exhibits are available for download at www.CAFANotice.com under the folder entitled *Patterson v. OptumRx, Inc.*:

1.    <u>28 U.S.C. § 1715(b)(l) – a copy of the complaint and any materials filed with the</u>
      <u>complaint and any amended complaints.</u>

      The Class Action Complaint is available as **Exhibit A**.

2.      <u>28 U.S.C. § 1715(b)(2) – notice of any scheduled judicial hearing in the class action</u>.

On October 8, 2025, Plaintiff filed a motion for preliminary approval of the class action settlement, which was granted by Order dated October 22, 2025. The Court has scheduled the Final Fairness Hearing for this matter for March 31, 2026. The Order Preliminarily Approving Class Action Settlement and Scheduling Fairness Hearing is available as **Exhibit B**.

3.      <u>28 U.S.C. § 1715(b)(3) – any proposed or final notification to class members</u>.

Copies of the proposed Postcard Notice and Long Form Notice will be provided to Class Members and will be available on the Settlement Website created for the administration of this matter. These are available as **Exhibits C** and **D**, respectively. The Notices describe, among other things, the claim submission process and the Class Members' rights to object or exclude themselves from the Class.

4.      <u>28 U.S.C. § 1715(b)(4) – any proposed or final class action settlement</u>.

The Settlement Agreement is available as **Exhibit E**.

5.      <u>28 U.S.C. § 1715(b)(5) – any settlement or other agreement contemporaneously made between class counsel and counsel for defendants</u>.

There are no other settlements or other agreements between Class Counsel and counsel for Defendant beyond what is set forth in the Settlement Agreement.

6.      <u>28 U.S.C. § 1715(b)(6) – any final judgment or notice of dismissal</u>.

The Court has not yet entered a final judgment or notice of dismissal. Accordingly, no such document is presently available.

7.      <u>28 U.S.C. § 1715(b)(7) – (A) If feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or (B) if the provision of the information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement</u>.

The definition of the Class in the proposed Settlement Agreement means all persons throughout the United States (1) to whom OptumRx, Inc. placed, or caused to be placed, a clinical adherence call, other than calls regarding prescription refill reminders or calls regarding COVID-19 vaccines (2) directed to a number assigned to a cellular telephone or VOIP service, but not assigned to an OptumRx, Inc. customer or account holder, (3) in connection with which OptumRx, Inc. used, or caused to be used, an artificial or prerecorded voice, (4) from April 20, 2020 through the date of the preliminary approval of the settlement.

Because the reverse lookup process has identified *potential* class members, it

remains infeasible to identify class members by name. However, **Exhibit F** provides a table containing an estimate of the anticipated number of class members residing in each State and the proportionate share of members per State, derived from the reverse lookup process. Pursuant to the Parties' settlement agreement, each class member submitting a valid claim will be eligible for a proportionate share of the settlement.

8.  28 U.S.C. § 1715(b)(8) – any written judicial opinion relating to the materials described in 28 U.S.C. § 1715(b) subparagraphs (3) through (6).

    There has been no written judicial opinion. Accordingly, no such document is presently available.

If you have any questions about this notice, the Action, or the materials available for download at www.CAFANotice.com under the folder entitled *Patterson v. OptumRx, Inc*, please contact the undersigned below.

Respectfully submitted,

Amanda Stallings
Senior Manager
Amanda.Stallings@kroll.com

## CAFA NOTICE SERVICE LIST

**U.S. Attorney General**
Pamela Bondi
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530

**Alabama Attorney General**
Steve Marshall
501 Washington Ave.
P.O. Box 300152
Montgomery, AL 36130

**Alaska Attorney General**
Treg Taylor
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501

**American Samoa Attorney General**
Fainu'ulelei Falefatu Ala'ilima-Utu
Executive Office Building, Utulei
3rd FL, PO Box 7
Utulei, AS 96799

**Arizona Attorney General**
Kris Mayes
2005 N Central Ave
Phoenix, AZ 85004

**Arkansas Attorney General**
Tim Griffin
323 Center St., Suite 200
Little Rock, AR 72201

**California Attorney General**
CAFA Coordinator
Office of the Attorney General
Consumer Protection Section
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102

**Colorado Attorney General**
Phil Weiser
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203

**Connecticut Attorney General**
William Tong
165 Capitol Avenue
Hartford, CT 06106
*AG.CAFA@CT.GOV

*Preferred

**Delaware Attorney General**
Kathy Jennings
Carvel State Office Building
820 N. French St.
Wilmington, DE 19801

**District of Columbia Attorney General**
Brian Schwalb
400 6th Street NW
Washington, D.C. 20001

**Florida Attorney General**
James Uthmeier
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399

**Georgia Attorney General**
Chris Carr
40 Capitol Square, SW
Atlanta, GA 30334

**Guam Attorney General**
Douglas Moylan
Office of the Attorney General ITC Building
590 S. Marine Corps Dr, Ste 706
Tamuning, Guam 96913

**Hawaii Attorney General**
Anne E. Lopez
425 Queen St.
Honolulu, HI 96813

**Idaho Attorney General**
Raúl Labrador
700 W. Jefferson Street, Suite 210
P.O. Box 83720
Boise, ID 83720

**Illinois Attorney General**
Kwame Raoul
James R. Thompson Ctr.
100 W. Randolph St.
Chicago, IL 60601

**Indiana Attorney General**
Todd Rokita
Indiana Government Center South
302 West Washington St., 5th Fl.
Indianapolis, IN 46204

**Iowa Attorney General**
Brenna Bird
Hoover State Office Building
1305 E. Walnut
Des Moines, IA 50319

**Kansas Attorney General**
Kris Kobach
120 S.W. 10th Ave., 2nd Fl.
Topeka, KS 66612

**Kentucky Attorney General**
Russell Coleman
700 Capital Avenue
Capitol Building, Suite 118
Frankfort, KY 40601

**Louisiana Attorney General**
Liz Murrill
1885 North Third St
Baton Rouge, LA 70802

**Maine Attorney General**
Aaron Frey
State House Station 6
Augusta, ME 04333

**Maryland Attorney General**
Anthony G. Brown
200 St. Paul Place
Baltimore, MD 21202

**Massachusetts Attorney General**
Office of Massachusetts Attorney General
Andrea Joy Campbell
ATTN: CAFA Coordinator/General
Counsel's Office

One Ashburton Place
Boston, MA 02108

**Michigan Attorney General**
Dana Nessel
P.O. Box 30212
525 W. Ottawa St.
Lansing, MI 48909

**Minnesota Attorney General**
Keith Ellison
445 Minnesota St, Suite 600
St. Paul, MN 55101

**Mississippi Attorney General**
Lynn Fitch
Department of Justice, P.O. Box 220
Jackson, MS 39205

**Missouri Attorney General**
Andrew Bailey
Supreme Ct. Bldg., 207 W. High St.
P.O. Box 899
Jefferson City, MO 65101

**Montana Attorney General**
Austin Knudsen
Office of the Attorney General, Justice Bldg.
215 N. Sanders St., Third Floor
P.O. Box 201401
Helena, MT 59620

**Nebraska Attorney General**
Mike Hilgers
2115 State Capitol
P.O. Box 98920
Lincoln, NE 68509

**Nevada Attorney General**
Aaron D. Ford
CAFA Coordinator
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson Street
Carson City, NV 89701
* NVAGCAFAnotices@ag.nv.gov

* Preferred

**New Hampshire Attorney General**
John Formella
33 Capitol Street
Concord, NH 03301

**New Jersey Attorney General**
Matthew J. Platkin
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor
P.O. Box 080
Trenton, NJ 08625

**New Mexico Attorney General**
Raul Torrez
P.O. Drawer 1508
Santa Fe, NM 87504-1508

**New York Attorney General**
Letitia A. James
CAFA Coordinator
Office of the New York State Attorney
General
28 Liberty Street, 15th Floor
New York, NY 10005
* CAFA.Notices@ag.ny.gov

* Preferred

**North Carolina Attorney General**
Jeff Jackson
Dept. of Justice, P.O. Box 629
Raleigh, NC 27602-0629

**North Dakota Attorney General**
Drew Wrigley
State Capitol
600 E. Boulevard Ave.
Bismarck, ND 58505

**Northern Mariana Islands Attorney
General**
Edward E. Manibusan
Administration Building
P.O. Box 10007
Saipan, MP 96950

**Ohio Attorney General**
Dave Yost
State Office Tower
30 E. Broad St., 14th Floor
Columbus, OH 43215

**Oklahoma Attorney General**
Gentner Drummond
313 NE 21st Street
Oklahoma City, OK 73105

**Oregon Attorney General**
Dan Rayfield
Oregon Department of Justice
1162 Court St., NE
Salem, OR 97301

**Pennsylvania Attorney General**
Dave Sunday
Pennsylvania Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

**Puerto Rico Attorney General**
Janet Parra-Mercado
P.O. Box 9020192
San Juan, PR 00902

**Rhode Island Attorney General**
Peter F. Neronha
150 S. Main St.
Providence, RI 02903

**South Carolina Attorney General**
Alan Wilson
Rembert C. Dennis Office Bldg.
P.O. Box 11549
Columbia, SC 29211

**South Dakota Attorney General**
Marty Jackley
1302 East Highway 14, Suite 1
Pierre, SD 57501

**Tennessee Attorney General**
Jonathan Skrmetti
PO Box 20207
Nashville, TN 37202

**Texas Attorney General**
Ken Paxton
Capitol Station
P.O. Box 12548
Austin, TX 78711

**U.S. Virgin Islands Attorney General**
Gordon C. Rhea
3438 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, Virgin Islands 00802

**Utah Attorney General**
Derek Brown
State Capitol, Rm. 236
Salt Lake City, UT 84114-0810

**Vermont Attorney General**
Charity R. Clark
109 State St.
Montpelier, VT 05609

**Virginia Attorney General**
Jason Miyares
202 North Ninth Street
Richmond, VA 23219

**Washington Attorney General**
Nick Brown
1125 Washington St. SE
P.O. Box 40100
Olympia, WA 98504

**West Virginia Attorney General**
John McCuskey
State Capitol Complex, Bldg. 1, Rm. E-26
1900 Kanawha Blvd. E
Charleston, WV 25305

**Wisconsin Attorney General**
Josh Kaul
Wisconsin Department of Justice State
Capitol, Room 114 East
P.O. Box 7857
Madison, WI 53707

**Wyoming Attorney General**
Ryan Schelhaas
State Capitol Bldg.
200 W. 24th Street
109 State Capitol
Cheyenne, WY 82002

Exhibit D

**This is a notice of a settlement of a class action lawsuit.**

**This is not a notice of a lawsuit against you.**

If you are a person to whom OptumRx, Inc. placed, or caused to be placed, a clinical adherence call, other than calls regarding prescription refill reminders or calls regarding COVID-19 vaccines, directed to a number assigned to a cellular telephone or VOIP service, but not assigned to an OptumRx, Inc. customer or account holder, in connection with which OptumRx, Inc. used, or caused to be used, an artificial or prerecorded voice from April 20, 2020 through October 22, 2025, you may be entitled to compensation as a result of the settlement in this class action lawsuit.

*Patterson vs. OptumRx, Inc.*, No. 1:24-cv-00689-TWP-KMB  (S.D. Ind.)

**A federal court authorized this notice.**

**This is not a solicitation from a lawyer.**

**Please read this notice carefully. It summarily explains your potential rights and options to participate in a class action settlement.**

*Patterson v. OptumRx, Inc.*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**ELECTRONIC SERVICE REQUESTED**

<<Refnum Barcode>>

CLAIM ID: <<Refnum>>

**Postal Service: Please do not mark barcode**

<<FirstName>> <<LastName>>
<<Company>>
<<Address1>>
<<Address2>>
<<City>>, <<State>> <<Zip>>-<<zip4>>
<<Country>>

**What is this lawsuit about?** Plaintiff Brad Patterson filed a class action lawsuit against OptumRx, Inc. ("OptumRx"), alleging OptumRx violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by placing telephone calls to cellular telephones using an artificial or prerecorded voice, absent prior express consent. OptumRx denies Mr. Patterson's allegations, and denies it violated the TCPA. The court has not decided who is right or wrong. The parties have agreed to a settlement.

**Why did you receive this notice?** You received this notice because OptumRx's records identified you as a potential member of the following settlement class: "All persons and entities throughout the United States (1) to whom OptumRx, Inc. placed, or caused to be placed, a clinical adherence call, other than calls regarding prescription refill reminders or calls regarding COVID-19 vaccines, (2) directed to a number assigned to a cellular telephone or VOIP service, but not assigned to an OptumRx, Inc. customer or account holder, (3) in connection with which OptumRx, Inc. used, or caused to be used, an artificial or prerecorded voice, (4) from April 20, 2020 through October 22, 2025.

**What does the settlement provide?** OptumRx will establish a settlement fund of $1,860,000. Out of the settlement fund will be paid: (1) settlement compensation to approved, participating settlement class members; (2) an award of attorneys' fees of up to thirty-six percent of the settlement fund, after deducting the costs of notice and settlement administration and litigation expenses, subject to the court's approval; (3) litigation costs and expenses incurred by class counsel in litigating the claims in this matter not to exceed $40,000, subject to the court's approval; (4) an incentive award for Mr. Patterson not to exceed $10,000, subject to the court's approval; and (5) costs of notice and administration estimated to be approximately $207,750. It is estimated that each valid, approved claimant will receive between $72 and $135. If you elect to participate in the settlement, you may receive more or less, depending on the number of other settlement class members who also elect to participate.

**What are your legal rights and options?** If you fall within the settlement class, you have four options. First, you may timely complete and return the claim form found on the backside of this postcard, or timely submit a claim online at **www.OptumRxTCPAClassActionSettlement.com**. Settlement class members who timely submit valid, approved claims will receive a proportionate share of the settlement fund after deducting attorneys' fees, costs, expenses, and an incentive award, and will release certain TCPA and TCPA-related claims they may have against OptumRx and related persons and entities. Second, you may do nothing, in which case you will not receive a share of the settlement fund, but you will release certain TCPA and TCPA-related claims you may have against OptumRx and related persons and entities. Third, you may exclude yourself from the settlement, in which case you will neither receive a share of the settlement fund, nor release any TCPA or TCPA-related claims you may have against OptumRx and related persons and entities. Or fourth, you may object to the settlement. The deadline for you to submit a claim, exclusion request, or objection is **February 4, 2026**. To obtain additional information about your legal rights and options, or to access the full class notice, motions for approval, motion for attorneys' fees, and other important documents, visit **www.OptumRxTCPAClassActionSettlement.com**, or contact the settlement administrator by writing to *Patterson v. OptumRx, Inc.* Settlement Administrator, P.O. Box 225391, New York, NY 10150-5391, or by calling (833) 630-5368.

**When is the final fairness hearing?** The court will hold a final fairness hearing on March 31, 2026 at 9:00 a.m. ET. The hearing will take place in Courtroom 344 of the United States District Court for the Southern District of Indiana, 46 East Ohio Street, Indianapolis, Indiana 46204. At the final fairness hearing, the court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The court will also hear objections to the settlement, if any. The court may make a decision at that time, postpone a decision, or continue the hearing, or elect to hold the hearing virtually.

Postage
Required

***Patterson v. OptumRx, Inc.***
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

1:24-cv-00689-TWP-KMB     Document 67     Filed 03/16/26     Page 28 of 43 Pag
&lt;&lt;Barcode&gt;&gt;
Claim ID: &lt;&lt;Refnum&gt;&gt;
420



VISIT THE SETTLEMENT WEBSITE BY
SCANNING THE PROVIDED QR CODE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

*Patterson vs. OptumRx, Inc.*, No. 1:24-cv-00689 -TWP-KMB (S.D. Ind.)

### SETTLEMENT CLAIM FORM
**To receive a payment you must enter all requested information above, and sign and mail this settlement claim form, postmarked on or before February 4, 2026. You may also submit a claim electronically at www.OptumRxTCPAClassActionSettlement.com.**

Claim ID: &lt;&lt;refnum&gt;&gt;

&lt;&lt;firstname&gt;&gt; &lt;&lt;mi&gt;&gt; &lt;&lt;lastname&gt;&gt;
&lt;&lt;address1&gt;&gt; &lt;&lt;address2&gt;&gt;
&lt;&lt;City&gt;&gt;, &lt;&lt;State&gt;&gt; &lt;&lt;Zip&gt;&gt;

| If different address from the preprinted data on the left, please print your correct information. |
|---|
| First Name                    Last Name |
| Address |
| City                    State     ZipCode |

OptumRx, Inc. placed a clinical adherence call—other than calls regarding a prescription refill reminder or calls regarding a COVID-19 vaccine—to my cellular telephone or my VOIP service telephone, using an artificial or prerecorded voice, between April 20, 2020 and October 22, 2025, even though I was not an OptumRx, Inc. customer or account holder. I wish to participate in this settlement.

**Telephone Number at which I received the call(s):** ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

### SIGN AND DATE YOUR CLAIM FORM

I declare under penalty of perjury that the information supplied in this Claim Form is true and correct. I authorize the Settlement Administrator to contact me, using the contact information set forth above, to obtain any necessary supplemental information.

Signature: _____   Print Name: _____   Dated: ___ ___ / ___ ___ / ___ ___ ___ ___

Exhibit E

# This is a notice of a settlement of a class action lawsuit.

### This is not a notice of a lawsuit against you.

If you are a person to whose cellular telephone number or VOIP line OptumRx, Inc. ("OptumRx") placed a clinical adherence call, other than calls regarding prescription refill reminders or calls regarding COVID-19 vaccines, in connection with which OptumRx used, or caused to be used, an artificial or prerecorded voice, from April 20, 2020 through October 22, 2025, and you were not an OptumRx customer or account holder, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:

*Patterson vs. OptumRx, Inc.*, No. 1:24-cv-00689-TWP-KMB (S.D. Ind.)

### A federal court authorized this notice.

### This is <u>not</u> a solicitation from a lawyer.

### Please read this notice carefully.

### It explains your rights and options to participate in the class action settlement.

- The settlement will result in a $1,860,000 settlement fund to fully settle and release certain claims of persons who are not OptumRx customers or account holders to whose cellular telephone numbers or VOIP lines OptumRx placed a clinical adherence call, other than calls regarding prescription refill reminders or calls regarding COVID-19 vaccines, from April 20, 2020 through October 22, 2025.

- The settlement fund will be used to pay settlement amounts to approved settlement class members who elect to participate, after deducting the costs of settlement notice and administration, attorneys' fees, litigation costs and expenses, and an incentive award.

- If you are a settlement class member, your legal rights are affected, and you now have a choice to make:

| | |
|---|---|
| **SUBMIT A TIMELY CLAIM FORM:** | If you timely submit a valid, approved claim form by February 4, 2026, you will receive a pro rata share of the settlement fund after certain deductions, and you will release certain Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227), claims, and TCPA-related claims, you may have against OptumRx and related persons and entities. |
| **DO NOTHING:** | If you do nothing, you will <u>not</u> receive a share of the settlement fund, but if you are a settlement class member you will release certain TCPA and TCPA-related claims you may have against OptumRx and related persons and entities. |
| **EXCLUDE YOURSELF:** | If you exclude yourself from the settlement, you will <u>not</u> receive a share of the settlement fund, and you will <u>not</u> release any TCPA or TCPA-related claims you may have against OptumRx and related persons and entities. The deadline to exclude yourself is February 4, 2026. |
| **OBJECT:** | Write to the court about why you do not like the settlement. The deadline to object is February 4, 2026. |

## Why is this notice available?

This is a notice of a settlement in a class action lawsuit. The settlement would resolve the class action lawsuit Brad Patterson filed against OptumRx. Please read this notice carefully. It explains the class action lawsuit, the settlement, and legal rights you may have, including the process for receiving a settlement check, excluding yourself from the settlement, or objecting to the settlement.

## What is the class action about?

Mr. Patterson filed a class action lawsuit against OptumRx alleging that OptumRx violated the TCPA by placing certain calls relating to clinical adherence to cellular telephone numbers using an artificial or prerecorded voice, absent prior express consent. The TCPA allows for damages in the amount of $500 per violation, and up to $1,500 for willful violations. However, prior express consent is a complete defense to a claim under the TCPA. You can find additional information about Mr. Patterson's claims in his class action complaint, which is available at www.OptumRxTCPAClassActionSettlement.com in the Documents page.

| **Why is this a class action?** |
|---|

In a class action, one or more people called "class representatives" file a class action lawsuit on behalf of people who have similar claims. All of these people together are a "class" or "class members." The court accordingly resolves claims for all class members at once, except for those who first exclude themselves from the class.

| **Why is there a settlement?** |
|---|

Mr. Patterson, on the one hand, and OptumRx, on the other, have agreed to settle the class action lawsuit to avoid the time, risk, and expense associated with it, and to achieve a final resolution of the disputed claims. Under the settlement, settlement class members will obtain a payment in settlement of claims Mr. Patterson raised in the class action lawsuit. Mr. Patterson and his attorneys think the settlement is fair and reasonable.

| **How do you know if your claims are included in the settlement?** |
|---|

The settlement resolves claims on behalf of the following settlement class:

All persons throughout the United States (1) to whom OptumRx, Inc. placed, or caused to be placed, a clinical adherence call, other than calls regarding prescription refill reminders or calls regarding COVID-19 vaccines, (2) directed to a number assigned to a cellular telephone or VOIP service, but not assigned to an OptumRx, Inc. customer or account holder, (3) in connection with which OptumRx, Inc. used, or caused to be used, an artificial or prerecorded voice, (4) from April 20, 2020 through October 22, 2025.

| **What does the settlement provide?** |
|---|

OptumRx will establish a settlement fund in the amount of $1,860,000 to compensate members of the settlement class. Out of the settlement fund will be paid:

a.   Settlement compensation to participating settlement class members;

b.   Notice and settlement administration costs estimated to be approximately $207,750.

c.   An award of attorneys' fees of up to thirty-six percent of the settlement fund, after deducting notice and settlement administration costs and litigation expenses, subject to the court's approval; and

d.   An incentive award for the named Plaintiff not to exceed $10,000, subject to the court's approval; and

e.   Litigation costs and expenses incurred in litigating the TCPA claims in this matter not to exceed $40,000, subject to the court's approval.

Each member of the settlement class who submits a timely, valid, and approved claim form will be entitled, subject to the provisions of the settlement agreement, to his or her equal share of the $1,860,000 settlement fund as it exists after deducting:

    a.    Notice and settlement administration costs (including related taxes and expenses);

    b.    An award of attorneys' fees;

    c.    An incentive award for the named Plaintiff; and

    d.    Litigation costs and expenses incurred in litigating the claims in this matter.

It is estimated that each participating member of the settlement class will receive between $72 and $135. The actual amount each participating member of the settlement class will receive may be more or less depending on the number of settlement class members who submit timely, valid, and approved claims.

| How can you get a payment? |
|:---:|

You must mail a valid, approved claim form to the Patterson v. OptumRx, Inc. c/o Kroll Settlement Administration, PO Box 225391, New York, NY 10150-5391 postmarked by February 4, 2026. Or you must submit a valid, approved claim through www.OptumRxTCPAClassActionSettlement.com by February 4, 2026, by 11:59 p.m. ET.

| When will you be paid? |
|:---:|

If the court grants final approval of the settlement, settlement checks will be mailed to settlement class members who timely mailed or submitted valid, approved claim forms no later than 30 days after the judgment in the lawsuit becomes final. If there is an appeal of the settlement, payment may be delayed.

| What rights are you giving up in connection with this settlement? |
|:---:|

If you fall within the settlement class, and unless you exclude yourself from the settlement, you will give up your right to sue or continue a lawsuit against OptumRx over the released claims, as defined in the settlement agreement. Giving up your legal claims is called a release. If you fall within the settlement class, unless you formally exclude yourself from the settlement, you will release certain TCPA claims you may have against OptumRx.

For more information about the release, released parties, and released claims, you may obtain a copy of the class action settlement agreement from the settlement website, www. OptumRxTCPAClassActionSettlement.com, or from the clerk of the United States District Court for the Southern District of Indiana.

| How can you exclude yourself from the settlement? |
| --- |

If you fall within the settlement class, you may exclude yourself from the settlement, in which case you will <u>not</u> receive a payment, and you will <u>not</u> release any TCPA claims you may have against OptumRx. If you fall within the settlement class, and if you wish to exclude yourself from the settlement, you must mail a written request for exclusion to the claims administrator at the following address, postmarked by February 4, 2026:

<div align="center">

*Patterson v. OptumRx, Inc.* Settlement Administrator
ATTN: EXCLUSION REQUEST
c/o Kroll Settlement Administration LLC
PO Box 225391
New York, NY 10150-5391

</div>

You must include in your request for exclusion your:

      a.      Full name;

      b.      Address;

      c.      Telephone number called by OptumRx demonstrating that you are a member of the settlement class; and

      d.      Clear and unambiguous statement that you wish to be excluded from the settlement, such as "I request to be excluded from the settlement in the *Patterson v. OptumRx, Inc.* action."

You must sign the request personally. If any person signs on your behalf, that person must attach a copy of the power of attorney authorizing that signature.

| When and where will the court decide whether to approve the settlement? |
| --- |

The court will hold a final fairness hearing on March 31, 2026, at 9:00 a.m. ET. The hearing will take place in courtroom 344 of the United States District Court for the Southern District of Indiana, 46 East Ohio Street, Indianapolis, IN 46204. At the final fairness hearing, the court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The court will also hear objections to the settlement, if any. The court may make a decision at that time, postpone a decision, or continue the hearing or to hold the hearing virtually.

The date of the final fairness hearing may change without further notice. Settlement class members should check the settlement website, www. OptumRxTCPAClassActionSettlement.com, or the court's Public Access to Court Electronic Records ("PACER") site to confirm that the date has not changed.

| **Do you have to attend the final fairness hearing?** |
|---|

No, there is no requirement that you attend the final fairness hearing. However, you are welcome to attend the hearing at your own expense. You cannot speak at the hearing if you have excluded yourself from the settlement class because the settlement no longer affects your legal rights.

| **What if you want to object to the settlement?** |
|---|

If you fall within the settlement class, and if you do not exclude yourself from the settlement class, you can object to the settlement, or any part of it, if you do not believe it is fair, reasonable, and adequate. If you fall within the settlement class, and if you wish to object, you must mail a written notice of objection, postmarked by February 4, 2026, to class counsel, counsel for OptumRx, and to the Court, at the following addresses:

Class Counsel:
James L. Davidson
Greenwald Davidson Radbil PLLC
5550 Glades Road
Suite 500
Boca Raton, FL 33431

Counsel for OptumRx:
Carolyn A. DeLone
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004

The Court:
United States District Court for the Southern District of Indiana
46 East Ohio Street
Indianapolis, IN 46204

Settlement Administrator:
*Patterson v. OptumRx, Inc*
c/o Kroll Settlement Administration LLC
PO Box 225391
New York, NY 10150-5391

You must include in your objection your:

      a.      Full name;

      b.      Address;

      c.      Telephone number to which OptumRx placed a subject artificial or prerecorded voice call between April 20, 2020, and October 22, 2025, to demonstrate that you are a member of the settlement class;

      d.      Statement of the objection;

      e.      Description of the facts underlying the objection;

      f.      Description of the legal authorities that support each objection;

      g.      Statement noting whether you intend to appear at the Fairness Hearing;

      h.      List of all witnesses that you intend to call by live testimony, deposition testimony, or affidavit or declaration testimony;

      i.      List of exhibits that you intend to present at the Fairness Hearing; and

      j.      Signature.

By filing an objection, you can ask the court to deny approval of the settlement. But you cannot ask the court to order a different settlement. The court can only approve or reject the settlement. If the court denies approval, no settlement payments will be sent out and the class action lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you fall within the settlement class, and if you submit a timely written objection, you may, but are not required to, appear at the final fairness hearing. If you appear through an attorney, you are responsible for hiring and paying that attorney.

### By when must you enter an appearance?

Any settlement class member who objects to the settlement and wishes to enter an appearance must do so by February 4, 2026. To enter an appearance, you must file with the clerk of the court a written notice of your appearance, and you must serve a copy of that notice, by U.S. mail or hand-delivery, upon class counsel and counsel for OptumRx, at the addresses set forth in this notice.

### What if you do nothing?

If you are a member of the settlement class, you do nothing, and the court approves the settlement agreement, you will not receive a share of the settlement fund, but you will release certain TCPA and TCPA-related claims you may have against OptumRx and related persons and entities. If you fall within the settlement class, unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against OptumRx and related persons and entities over the released claims.

### What will happen if the court does not approve the settlement?

If the court does not finally approve the settlement, or if it finally approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits from the settlement, and the class action lawsuit will continue.

### Who is Mr. Patterson's attorney?

Mr. Patterson's attorney is:

James L. Davidson
Greenwald Davidson Radbil PLLC
5550 Glades Road
Suite 500
Boca Raton, FL 33431

The court has appointed Mr. Patterson's attorney to act as class counsel. You do not have to pay class counsel. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you must hire one at your own expense.

| **Who is OptumRx's attorney?** |
| --- |

OptumRx's attorney is:

> Carolyn A. DeLone
> Hogan Lovells US LLP
> 555 Thirteenth Street, NW
> Washington, D.C. 20004

| **Before what court is this matter pending?** |
| --- |

Mr. Patterson filed his class action lawsuit in the following court:

> United States District Court for the Southern District of Indiana
> 46 East Ohio Street
> Indianapolis, IN 46204

| **Where can you get additional information?** |
| --- |

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.OptumRxTCPAClassActionSettlement.com, by contacting class counsel, by accessing the court docket in this case, for a fee, through the court's PACER system, or by visiting the office of the clerk of the court for the United States District Court for the Southern District of Indiana.

Or, to obtain additional information about this matter, please contact:

> Patterson v. OptumRx, Inc. Settlement Administrator
> c/o Kroll Settlement Administration LLC
> PO Box 225391
> New York, NY 10150-5391
> (833) 630-5368

Please do not call the judge about this class action. Neither he, nor any court personnel, will be able to give you advice about this class action. Furthermore, because neither OptumRx nor OptumRx's attorneys represent you, they cannot give you legal advice about this class action.

**Important Dates**

| | |
|---|---|
| October 22, 2025: | Order Preliminarily Approving the Settlement Entered |
| November 21, 2025: | Defendant to fund Settlement Fund (thirty days after entry of Order Preliminarily Approving the Settlement) |
| December 22, 2025: | Notice Sent (sixty days after entry of Order Preliminarily Approving the Settlement) |
| December 31, 2025: | Attorneys' Fees Petition Filed (seventy days after entry of Order Preliminarily Approving the Settlement) |
| February 4, 2026: | Opposition to Attorneys' Fees Petition (one hundred five days after entry of Order Preliminarily Approving the Settlement) |
| February 4, 2026: | Deadline to Submit Claims, Send Exclusion, or File Objection (one hundred five days after entry of Order Preliminarily Approving the Settlement) |
| February 18, 2026: | Reply in Support of Attorneys' Fees Petition (fourteen days after the deadline for settlement class members to submit claims, object to, or exclude themselves from, the settlement) |
| February 23, 2026: | Motion for Final Approval Filed (thirty days before final fairness hearing) |
| March 10, 2026: | Opposition to Motion for Final Approval Filed (fourteen days before final fairness hearing) |
| March 16, 2026: | Class Administrator will provide a sworn declaration attesting to proper service of the Class Notice and Claim Forms, and state the number of claims, objections, and opt outs, if any (ten days prior to Final Fairness Hearing) |
| March 20, 2026: | Reply in support of Motion for Final Approval (seven days before final fairness hearing) |
| March 20, 2026: | Deadline for the parties to respond to any objection (seven days before final fairness hearing) |
| March 31, 2026: | Final Fairness Hearing |

# Exhibit F

8 3 3 0 7 0 0 0 0 0 0 0 0

| **The DEADLINE to submit or mail this Claim Form is: February 4, 2026** | *Patterson vs. OptumRx, Inc.*<br>No. 1:24-cv-00689 -TWP-KMB (S.D. Ind.)<br><br>**SETTLEMENT CLAIM FORM** | For Office Use Only |

## Section I - Instructions

**You must have this Claim Form postmarked and mail it to the Settlement Administrator, or submit it electronically, no later than February 4, 2026.**

This Claim Form may be submitted in one of two ways:

1.  Electronically through www.OptumRxTCPAClassActionSettlement.com.

2.  Mail to: *Patterson v. OptumRx, Inc.,* c/o Kroll Settlement Administration LLC, P.O. Box 225391, New York, NY, 10150-5391.

**To receive an <u>electronic</u> payment from this Settlement, you must submit the Claim Form electronically at www.OptumRxTCPAClassActionSettlement.com.** If you timely submit a valid Claim Form by mail, you will receive a payment by check.

To receive a payment you must enter all requested information.

## Section II - Class Member Information

**<u>Current Contact Information (Required)</u>**

_____    ____    _____

**Claimant First Name (Required)**        **MI**    **Last Name (Required)**

_____

**Street Address (Required)**

_____    ____ ____    ____ ____ ____ ____ ____

**City (Required)**                  **State (Required)**    **Zip Code (Required)**

_____@_____

**Email (Required)**

( ____ ____ ____ ) ____ ____ ____ - ____ ____ ____ ____

**Preferred Phone Number (Required)**

**Questions? Go to www.OptumRxTCPAClassActionSettlement.com or call toll-free (833) 630-5368.**

        

83307                          CF                          Page 1 of 3

8 3 3 0 7 0 0 0 0 0 0 0 0

*Your contact information will be used by the Settlement Administrator to contact you, if necessary, about your Claim Form. By providing contact information, you agree that the Settlement Administrator may contact you about your Claim.*

## Section III – Confirmation of Settlement Class Membership

OptumRx, Inc. placed a clinical adherence call—other than calls regarding a prescription refill reminder or calls regarding a COVID-19 vaccine—to my cellular telephone or my VOIP service telephone, using an artificial or prerecorded voice, between April 20, 2020, and October 22, 2025, even though I was not an OptumRx, Inc. customer or account holder. I wish to participate in this Settlement.

Telephone number at which I received the call(s):

( \_\_\_\_ \_\_\_\_ \_\_\_\_ ) \_\_\_\_ \_\_\_\_ \_\_\_\_ - \_\_\_\_ \_\_\_\_ \_\_\_\_ \_\_\_\_

## Section IV – Election of Payment

If you would like to elect to receive your payment through electronic payment, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option. If you do not elect to receive your payment through electronic payment, your payment will be delivered by check.

## Section V – Required Affirmations

IF SUBMITTED BY U.S. MAIL:

**I agree that, by submitting this Claim Form, the information in this Claim Form is true and correct to the best of my knowledge. I understand that my Claim Form may be subject to audit and verification.**

Dated: \_\_\_\_ \_\_\_\_ / \_\_\_\_ \_\_\_\_ / \_\_\_\_ \_\_\_\_ \_\_\_\_ \_\_\_\_    Signature: _____

**Questions? Go to www.OptumRxTCPAClassActionSettlement.com or call toll-free (833) 630-5368.**



83307                                    CF                                    Page 2 of 3

Exhibit G

## Exclusion List

| Count | First Initial | Last Name |
|-------|---------------|-----------|
| 1 | E | Candelario |